### LIBEL AFFECTING ONE IN HIS TRADE RELATIONS

Court of Appeals for Mahoning County.

THE G. M. MCKELVEY COMPANY v. DAVID M. NANSON.

Decided, October 18, 1915.

*Libel and Slander—To Publish that One Has Suddenly Gone Out of Business—Not Libelous per se.*

A publication by a tradesman is not libelous on its face, where to the effect that Mr. N had "suddenly decided to retire from the tailoring business," coupled with the announcement to the trade that his entire stock had been purchased for cash.

*Hine, Kennedy & Manchester* and *Mr. Conroy*, for plaintiff in error.

*Kennedy & Mumaw*, contra.

HOUCK, J. (sitting in place of Spence, J.).

This is a proceeding in error, by the plaintiff in error, seeking to reverse a judgment of the court below in favor of the defend-

ant in error, in an action brought by him against the said plaintiff in error for libel.

The article complained of was published in two newspapers of general circulation in the city of Youngstown, Ohio, and in the form of circulars sent to citizens of said city, all of which was done at the instance of and under the direction and authority of the plaintiff in error.

Said article complained of is as follows:

"Mr. Nanson, a well known high-grade custom tailor of this city, and perhaps a personal friend of yours, suddenly decided to retire from the tailoring business. Desiring to turn his stock quickly into cash, asked us to name a price for the entire stock. The greater part of this stock being fall and winter goods, he naturally expected a good price, but finally accepted our offer."

The plaintiff below complains of the words: *"Mr. Nanson suddenly decided to retire from the tailoring business."*

At the request of counsel for plaintiff below the court charged the jury that said words were libelous *per se.*

While the petition in error alleges other grounds of error, the only one urged by counsel in argument was that the court erred in charging the jury that said words were and are libelous *per se,* and therefore it is only necessary, for a proper determination of the case, to pass upon this one ground of alleged error.

Let us classify libels according to their objects:

1. Libels which impute to a person the commission of a crime.

2. That which has a tendency to hold a person up to scorn and ridicule, and to feelings of contempt, or impair one in the enjoyment of general society.

3. That which has a tendency to injure one in his office, trade, calling or profession.

The words complained of in the case at bar, if libelous, come under the third definition.

Is the expression here complained of libelous within itself?

A distinction exists between libel and slander. In libel the written or printed words are of necessity attended with more deliberation, and hence may be said to be indicative of stronger malice than oral words, and therefore calculated to do greater

wrong and much more harm. In passing, we might add that written or printed words are libelous in all cases where, if spoken, they would be actionable; and they may be libelous, and at the same time, if spoken, would not be actionable. Our Supreme Court in the case of *Cleveland Leader* v. *Nethersole,* 84 Ohio State, page 118, has laid down the rule as to what constitutes libel *per se.* The court say:

"To constitute a publication respecting a person libelous *per se,* it must appear that the publication reflects upon the character of such person by bringing him into ridicule, hatred or contempt, or affects him injuriously in his trade or profession."

To say of a person that he has suddenly gone out of business does not in any way reflect upon his character, or bring him into ridicule, or indicate hatred or contempt, or injury to his trade or profession, so far as the plain meaning and import of the words and language are concerned. If this be true, then how can they be libelous *per se?*

In order that words shall be libelous *per se,* as disparaging a person in his trade or business, they must be of such a character as would prejudice him by impeaching either his skill or knowledge or attacking his conduct in such business. The words in the publication complained of, in order to be libelous *per se,* must have had a tendency to render the defendant in error contemptible or ridiculous in public estimation, or to expose him to public hate or contempt, or hinder virtuous persons from associating with him, or accuse him of crime punishable by the laws of our state, or charge him with conduct the natural or ordinary result of which would be to prevent him from engaging in and pursuing his vocation, trade or calling, or in some way depriving him of the earnings thereof, and which he otherwise would have obtained. Quoting from the case of *Cleveland Leader* v. *Nethersole, supra,* Judge Spear on page 130 says:

"Although the distinction between a libel upon a person and a libel upon that which is the property of a person is somewhat nice, and although in many cases the distinction is not easy to demonstrate, it often being difficult to apply the settled rules of law to the particular facts of the case, and although the de-

cisions illustrating the subject are not altogether consistent one with another, yet the rule seems to be well established to the effect that while by the law of libel defamatory language is actionable without special damage when it contains a damaging imputation against one as an individual, or in respect to his office, profession or trade, it is not actionable when it is merely in disparagement of one's property unless it occasions special damage.''

We do not think the words complained of are libelous upon their face; and we believe we are sustained in this conclusion by a long line of authorities not only in our own, but other states. To hold otherwise would be to set aside and hold for naught the decisions upon this subject which have been considered to be the law for many years.

Taking this view of the case, we find error in the record prejudicial to the rights of the plaintiff in error, and therefore find the judgment of the court below erroneous, and that it should be reversed.

The judgment of the common pleas court is therefore reversed, and the cause remanded for a new trial.

POLLOCK, J., and METCALFE, J., concur.