Ricpiards, J.
This action was brought for the purpose of holding the defendant, William H. Harper, Jr., liable as endorser on a promissory *111 note which he had endorsed and transferred to plaintiff. On the first trial of the case each party, at the conclusion of all the evidence, moved the court for a directed verdict, and the trial judge, after due. consideration, found and determined that the plaintiff was entitled to a judgment for the amount of the note, and rendered judgment accordingly. Harper prosecuted error to this court, and the judgment was reversed on the ground that it was contrary to the weight of the evidence, the decision of this court being announced on February 7, 1916, and the case being remanded for further proceedings.
It is said in argument that this court in render- ' ing the judgment of reversal was mistaken in assuming as a fact that Harper did not prevail in a certain other action, some of the proceedings of which had been offered in evidence, it being now contended that as a matter of fact the action referred to has not yet been disposed of. Technically the statement of this court was incorrect in that Harper of course has not prevailed if the action referred to has not been disposed of. The record shows that .the action to which reference was there made was commenced on September 5, 1911, and possibly this court had in mind the well-known principle of equity that things which should have been done will be presumed to have been done, and from this principle reached the conclusion that the action must have been disposed of, it having been pending all those years. However, the disposition of that case is a matter of little importance to a determination of the case at bar.
*112 On the retrial of the instant case the trial judge, at the conclusion of the evidence offered on behalf of the plaintiff, directed a verdict in favor of the defendant, basing his action upon the ground that the court of appeals having already determined that the former judgment was against the weight of the evidence had thereby established the law of the case, and that the defendant was, therefore, perforce entitled to a verdict by direction of the court, the evidence on the retrial being the same.
This position is earnestly contended for in this court by counsel for defendant in error. In order to determine whether the contention is correct it will be necessary to examine the record on the retrial of the case. That trial opened with the following statement made by counsel for plaintiff:
“It has been agreed that we may read, all of us, the testimony on both sides that has been given in the former trial, subject, of course, to any objections to the competency or otherwise of the testimony.”
Counsel for the defendant then stated that the testimony could be read instead of calling the witnesses again, but that this was all that they agreed to. After these preliminary statements the record recites that thereupon counsel for the plaintiff, to maintain the issues upon its part to be maintained, called as a witness, for cross-examination only, William H. Harper, Jr.,' who, being first duly sworn, testified as follows: (The bill of exceptions then' proceeds to set out in full his cross-examination). The only conclusion from which this court could draw the inference that the wit *113 nesses were not actually produced in open court and' re-examined is based on the statements above made by counsel, and the fact that the testimony of the witnesses is contained within quotation marks. We assume that this testimony was read from the previous record in the case.
It does not, however, appear that all of the evidence which was introduced on the first trial was introduced on the second trial of the case. On the contrary, the record affirmatively shows that it does not contain all of the evidence which was' introduced on the first trial. The judgment which was rendered on the first trial is shown by the journal entry thereof to have been rendered after both the plaintiff and the defendant had introduced evidence and rested; whereas the judgment rendered on the second trial is shown to have been rendered at the conclusion of the evidence offered on behalf of the plaintiff, and the bill of exceptions shows that it does not contain the evidence offered by the defendant on the former trial, because all of the witnesses are examined in chief by counsel for plaintiff, whereas if any of the evidence was that which had been' offered by defendant on the former trial it would appear that the witnesses called by him had been first examined by his counsel.
It is manifest, therefore, that the bill of exceptions now before us does not contain any evidence offered on the former trial on behalf of the defendant, and we are not permitted to assume what that evidence may have been. Each party, as is well known, is entitled to the benefit of all the evi *114 dence, no matter by whom it may have been offered.
Reliance is placed on The Michigan Mutual Life Insurance Co. v. Whittaker, Admr., 9 C. C., N. S., 126. In that case the circuit court sitting in Hamilton county reversed a second judgment which had been rendered, and entered a final judgment in favor of the plaintiff in error, basing its action on the ground that' the former reversal had been on the weight of the evidence and that this having determined the law of the case a similar verdict should be directed on a retrial of the case, in the absence of additional testimony. The case was carried to the supreme court and is there found reported under the title of Whitaker, Admr., v. The Michigan Mutual Life Insurance Co., 77 Ohio St., 518, where the judgment of reversal is affirmed, but the final judgment rendered by the circuit court is reversed and the cause remanded for a new trial. The supreme court, however, did not determine whether the principle announced by the circuit court was a correct statement of the law; but Shauck, C. J., speaking for the court, on page 521, said:
“Assuming the correctness of that view respecting the effect of the former judgment of the circuit court, there are two .reasons why it should not have been applied in the present case.”
One of the reasons found to exist in that case is manifest upon the face of the record in the case now under consideration, namely, it appears that upon the second trial of this case all the evidence was not offered which had been offered on the former trial of the case. Counsel did not claim *115 at the opening of the trial that they were going to offer all of the evidence which had been Offered on the former trial, and, as already stated, the record itself shows that if they had made such contention it was not carried out.
If we assume the correctness of the decision cited in 9 C. C, N. S., supra, the authority can be applied only in a case where the evidence on the retrial is substantially the same as on the first trial. If the record discloses that such is not the case, and if the plaintiff by evidence offered on a retrial makes a prima facie case, the sufficiency of the evidence would, of course, come within the general rule of law and have to be submitted to the jury for its determination. Manifestly when a reviewing court reverses a case for the sole reason that the judgment rendered was against the weight of the evidence, that holding could not be the law of the case in any future trial unless-the evidence on- such future trial should be substantially the same as that offered on the former trial. In a case where a judgment has been rendered for the plaintiff, and a reviewing court, finding that the same is against the weight of the evidence, reverses and remands the cause for a new trial, the judgment of reversal may be based upon evidence which came from witnesses called by the defendant.
Upon the general question now under consideration see City of Sidney v. Schmidt, 33 C. C., 128, and Firemen’s Insurance Co. v. Stern, 11 C. D., 818.
Furthermore, it appears from the record that on the last trial H. C. Eysenbach was called as a *116 witness and testified and that he had not testified on the former trial of the case. Certain portions of his testimony are material to the issues between the parties, and the weight which should be given to his testimony was of course a matter for the jury. It may be, as has been stated, entirely cumulative and not very important, but it is certainly entitled to .some weight, and the plaintiff was entitled to strengthen its case bjr submitting on the retrial whatever additional evidence it might have, whether cumulative or otherwise, and was entitled to have the weight thereof determined by the jury.
Finding that the plaintiff on the retrial of the case introduced evidence making at least a prima facie case in its behalf, and that the evidence was not substantially the same as on the former trial, it follows from what has been said that the judgment based on the directed verdict must be reversed and the cause remanded for further proceedings.

Judgment reversed, and cause remanded.

Chittenden and Kinkade, JJ., concur.
Judges of the Sixth Appellate District, sitting in place of Judges Crow, Kinder and Hughes of the Third Appellate District.