KLASS *v.* KLASS.

**460**

(Decided January 7, 1928.)

Mr. F. W. Durbin, and Mr. A. A. Slaybaugh, for plaintiff in error.

Mr. Otto W. Hess, for defendant in error.

JUSTICE, J. The plaintiff in error here was defendant below.

In 1920 the defendant, Walter J. Klass, who is a son of the plaintiff, Joseph Klass, gave his note for $5,800 to the Bank of Leipsic. In 1921 defendant gave another note of $998.60 to said bank. Plaintiff signed both notes as surety for defendant. Defendant did not pay said notes. Plaintiff paid them.

The action below was brought by plaintiff against defendant to recover the amount of money he so paid.

The defendant's sole defense was that plaintiff had voluntarily paid said notes, and had released him, by way of advancement, from his obligation to repay the sum of money expended by plaintiff in

paying off these notes. The plaintiff denied the advancement.

The case has been here before on error. At the first trial plaintiff obtained a judgment, which we reversed on the sole ground that the verdict of the jury was against the weight of the evidence. On a retrial of the case, a jury returned a verdict for plaintiff, which the trial court sustained by overruling a motion for a new trial and entering a judgment on the verdict.

A reversal of this judgment is the object of this proceeding. The questions:

(1) Did the trial court err in overruling the motion for a directed verdict in favor of defendant at the close of all the evidence?

(2) Did the trial court err in the charge?

The record discloses that the evidence on the second trial is substantially the same as on the first trial. Counsel for plaintiff in error therefore contend that, inasmuch as this court, on the first review of this cause, held that such evidence was not sufficient to support a verdict in favor of plaintiff, and inasmuch as the judgment of this court on the weight of the evidence stands as the law of the case, it was the duty of the trial court to have sustained defendant's motion for a directed verdict, and that its failure to so do is reversible error.

In support of this contention, counsel for plaintiff in error invite our attention to the case of *Michigan Mutual Life Ins. Co.* v. *Whittaker, Admr.*, 9 C. C. (N. S.), 126. The second proposition of the syllabus of this case reads as follows:

"Where a court of last resort on the question of the weight of the evidence reverses a judgment be-

cause not supported by sufficient evidence and remands the cause for retrial, the judgment of the reviewing court on the weight of the evidence stands as the law of the case; and if upon second trial no new testimony is offered, and the case is submitted on the record as made at the first trial, it is the duty of the trial judge to withdraw the case from the jury on his own motion and render judgment for the defendant."

This case unquestionably sustains the contention of counsel for plaintiff in error, and, if followed by us, would be decisive of the question here. However, with all due respect to the judges who participated in above case, we find ourselves unable to approve the rule of law announced by them, for the reason that such a rule would nullify the doctrine of the right of trial by jury, which is secured and guaranteed to all the people of this state by the Constitution. *Gibbs* v. *Village of Girard*, 88 Ohio St., 34, 102 N. E., 299.

In the instant case, the evidence reveals that defendant has offered evidence to prove each material fact put in issue. It therefore was the duty of the trial court to submit the case to the jury under proper instructions. *Dick* v. *I. C. & L. Rd. Co.*, 38 Ohio St., 389.

Our attention has been directed to the case of *Farmers Banking Co.* v. *Harper, Jr.*, 7 Ohio App., 110, and also to the *Whittaker case, supra*, which was carried to the Supreme Court, 77 Ohio St., 518, 83 N. E., 899. The rule of law laid down in these cases is not at variance with our holding here.

The contention of counsel for plaintiff in error for

a directed verdict in his favor is therefore not well taken.

Turning now to the charge. The trial court, in part, instructed the jury as follows:

"If these notes were left in the possession of the father, the power was left in his possession to repudiate his intention to make a gift at any time he chose, and if afterwards he did choose to repudiate his intent to make such a gift, if he did, and then exercised that intention, so long as he had control of the property, that would amount to a repudiation of that intent, and he had the legal right so to do. So with that in view, on the question you are to decide, you will take the evidence as I shall endeavor to submit it to you."

Also: "The evidence will be for you to determine what kind of instrument that was, if you come to that point in your determination of what the testimony shows in this case. If Joseph Klass did not execute any instrument which would amount to a repudiation of his right or surrender of his right to collect these notes, then there would only be one way for him to finally make the advancement, which is claimed in this case, and 'that would be to submit the paper, which he held as evidence of indebtedness to the son, in such manner that he would lose control of it, because a gift of this kind must be an absolute gift, not a mere promise to make a gift, so he would have to lose control of the property, before it could amount to such a gift, and so it then could not be recovered.' "

Also: "If a man attempts to make an advancement by a written instrument or any other way, especially in the form of a promise, it must be such

as to cause the parent who makes the advancement to lose control of the instrument that he is to give, and while at any time he has control of it if he chooses to repudiate any promise he may have made he has the legal right to do so.''

These instructions, taken separately and collectively, are, in our opinion, erroneous and prejudicial to the plaintiff in error.

Concededly, the ultimate issuable fact was whether or not the plaintiff released the defendant by way of advancement from his obligation to repay to plaintiff the sum of money he had expended in paying off these notes.

If the defendant established to the satisfaction of the jury, by clear and convincing evidence, the advancement as pleaded, he was entitled to a verdict in his favor, otherwise not, and the trial court should have so instructed the jury. Plaintiff was not suing on the notes, and the defendant was not claiming that the plaintiff had given them to him. Obviously, the plaintiff could have made the advancement as claimed, and retained possession of the notes, or he could have parted with the possession of the notes and not have made the advancement as pleaded. Plaintiff's possession or nonpossession of the notes was therefore not controlling of the question that the jury had to determine. Inasmuch as the notes were admittedly in the possession of the plaintiff at the time of the commencement of the action, the trial court might just as well have told the jury, in so many words, to find for the plaintiff as to have so charged.

The court also charged the jury as follows:

''The claim is made by the defendant that a writ-

ten instrument was executed, which would establish this alleged gift. If there was such an instrument executed, who was the party to be charged? If I am to be charged with a thing, do I not ordinarily subscribe the instrument myself? If I want to give you a gift, will I ask you simply to sign a statement I have made to you; or will I request you to or I myself execute the gift, and only take your receipt as such?"

We learn from the record that the defendant and his witnesses testified that he, at plaintiff's request, signed a certain paper writing, which plaintiff's attorney had prepared; that by the terms of said paper writing defendant released and relinquished all his right, title, and interest, as heir, in and to plaintiff's estate; that he signed said paper writing after plaintiff had paid and taken up the notes held by the Bank of Leipsic; and that he signed said paper writing in order that plaintiff might have some evidence of the advancement made.

The plaintiff and his witnesses testified that the paper writing signed by the defendant was merely a receipt to show that defendant got the money.

Such were the claims of the parties, and it was for the jury to say whom they believed. It was not within the province of the trial court to thus so comment on the evidence, as by so doing it invaded the province of the jury, and, as we view it, to the prejudice of the plaintiff in error.

Holding these views, it follows that the judgment of the court below should be reversed and the cause remanded.

*Judgment reversed and cause remanded.*

CROW and HUGHES, JJ., concur.