## METROPOLITAN LIFE INS CO v MORABITO

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 13, 1931

Barnum, Hammond, Stephens & Hoyt, Youngstown, for Metropolitan Life Ins Co.

J. H. Higley, Jr., Youngstown, for Morabito.

ROBERTS, J.

This presents a rather interesting question, especially in view of the fact that the issues involve, as we believe they do, a consideration of §11577, GC, which reads as follows:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

The important question, as we view it, is what is the result of a consideration of this section and its application to the enforcement of the rule of the law of the case; that is, if it were assumed for the sake of argument that it is the duty of this court to recognize the law of the case and thereby affirm and follow its former decision upon the weight of the evidence, what, if any, consideration should be given to this section, this court having once reversed this case upon the weight of the evidence, and the statute just read forbidding a second reversal on that ground.

So far as we have been able to learn, there is no reported case involving a consideration of this question, as to the effect of these two propositions, and we know of no case, reported or otherwise, involving that situation except the case decided here several years ago by this court, to which attention will be later given by reference. The rule of the law of the case recognized by a great many decisions, particularly where the proposition involved is a question of law or of procedure, is attempted to be invoked now where it involves a determination of the weight of the evidence, purely a jury function.

In 4 C.J., page 1106, it is said:

"Sec. 3088. Particular Questions Concluded. In General. As a general rule the doctrine of 'Law of the Case' applies to all questions of law identical with those on the prior appeal, and on the same facts, and to such questions only. The doctrine is rarely, and in a very limited class of cases, applied to matters of evidence as distinguished from rulings of law, and a decision on appeal on a question of fact does not generally become the law of the case, nor estop the parties on a second trial from showing the true state of the facts."

An examination of a great many authorities in 67 A. L. R., page 1391 and following, and 8 A. L. R., 1028 and following pages, 6 Am. and Eng. Ann. cases, 788, and other authorities, indicates that the rule has sometimes been applied upon questions of evidence, but seldom so, as stated in Corpus Juris. Concerning the attitude of the Supreme Court of this state, it is said in the case of **McCarthy v Lingham, 111 Oh St, 554:**

"The trial court having followed the instructions of the Court of Appeals on the first review, the Court of Appeals on the second review was limited to a consideration of legal questions not covered by the mandate of the former review. The doctrine of

the law of the case clearly applies to this situation."

It will be noted that this rule as just read speaks of the limitation of the consideration to legal questions. In the case of **Gohman v City of St. Bernard, 111 Oh St 726,** it is said in the syllabus:

"Where after a definite determination the Court of Appeals has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute error therefrom to this court, and the trial court has proceeded in substantial conformity with the directions of the Court of Appeals, its action will not be questioned on a second review, even though upon such second review the Court of Appeals should be of the opinion that its former determination was erroneous. In such event the pronouncement of the Court of Appeals becomes the law of the case as a rule of practice, though not a binding precedent for future cases, and upon error being prosecuted from the second review to this court, such former determination will not be disturbed."

In the opinion it is said:

"By the great majority of cases it is not declared as a rule of substantive law but rather as a rule of practice. It should be stated at the outset of this decision that we do not approve it as a rule of binding force, but as a salutory rule of practice which should be applied in all cases where it may be employed as a shield against endless litigation and to compel obedience of trial courts to the mandates of reviewing courts, and not as a sword which may be employed as an instrument of oppression and injustice."

This is cited for the reason that it suggests that the rule of the law of the case is not of absolute controlling force, but should be applied only when it is deemed that the ends of justice are best subserved by so doing, and the object of the rule is further here stated that it is properly applicable to prevent a situation of almost endless or interminable litigation. As is said in some of the decisions, this rule prevents an unfair advantage to wealthy or powerful litigants over poor or helpless litigants and secures a more satisfactory result of trial than would be the result if courts were compelled to hear error and appeal cases over and over again.

This is the only object, so far as we have discovered, in the application of the rule of

the law of the case, to prevent litigation of unnecessary and undesirable length. However, it should be observed that in the instant case in litigation of Ohio that rule becomes inoperative and useless of enforcement, for the reason that we have in this state the statute which provides that "Nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case," and in the case under consideration the rule of the law of the case is sought to be applied solely upon the proposition of the weight of the evidence and the effect to be given to it in that case.

This statute which has just been read has been considered in quite a number of Supreme Court decisions. It was held constitutional in the 93 Oh St, 53, and approved in 97 Oh St, 433; 107 Oh St, 107; 101 Oh St, 316. If the rule of the law of the case as applied to this court were invoked and used, then this court would be required to again in effect reverse this case and send it back either for new trial or to render final judgment, if such might be properly done, so that there would then be two reversals in effect in one case and upon the same issue, and would come squarely in violation, as we view it, of this provision of §11577 GC.

Counsel for the plaintiff in error, the Metropolitan Life Insurance Company, cite two Ohio authorities in support of the application of the rule of the law of the case in this court. The first is the case of the **Mutual Life Insurance Company v Whittaker, 9 C. C. N. S., 126,** and the other case is **Firemens Insurance Company v Stern, 11 O. C. D., 818.** Both of those cases applied the rule of the law of the case. It is pertinent to observe, however, that each of those cases were decided when the section quoted from the Code provided only against the granting of new trials and not against second reversals, so that what those two courts might have decided if the statute had been the same as is now, is a matter of conjecture. Those cases furthermore relied for authority upon the case which is the leading case, perhaps, upon the question, and frequently cited. This is the case of Dodge v Gaylord, et al, 53 Ind., 365. This is the only authority cited in support of those decisions, and an examination of that case discloses that the issue therein did not involve a determination of the weight of the evidence and establish thereby a rule of law, but involved a determination of law upon a given state of facts, and quoting from that case:

"It is equally plain that if any error was committed by the court on the second trial,

other than in applying to the same facts the principles of law formerly decided in this case, it will be reviewable upon the present appeal. For such error the judgment may be reversed, but it is not pretended that such is the case. This court held and decided that upon the facts in the record the appellant had no right of action, and remanded the cause for another trial. As has been seen, the only question involved and decided upon the former appeal was whether upon the facts proved the appellant was entitled to one-third of the real estate described in the complaint. This court had decided upon the facts that the appellant had no cause of action, and had commanded the court below to try the cause in accordance with the opinion then announced."

It is somewhat interesting to notice that a line of decisions which reached back to this case of Dodge v Gaylord, is authority for applying the law of the rule of the case to questions involving only the weight of the evidence, has no justification or foundation in that case when the opinion is observed and considered.

This court had under consideration in 1922 the case of James C. Davis, Director General of Railroads and Agent under the Transportation Act of 1920, v Blaine Stillings, where this precise question was involved. It was given at that time considerable consideration, and especially in connection with the statute which provides against second reversals. In the opinion in this case, which is found in the bound volume of opinions of the October Term, 1922, a large number of authorities are cited and considered, which it is not thought expedient to now take time to read or further comment upon, but this opinion is available to any one who may be interested in the subject.

We have reached the conclusion in this case that the issue is controlled by the positive direction of §11577 GC, which prevents this court from a second reversal upon the weight of the evidence. This case only involves the weight of the evidence, that to observe the rule of the law of the case would be to come squarely in violation of this statute, and we are further influenced by the fact that because we have this statute the only rule ever given so far as we know for the invoking of this rule becomes of no effect, because the statute takes care of the purpose of the rule, to avoid unduly extended litigation, and perhaps it is important upon the further proposition that this rule is seldom used upon questions other than of law or procedure, and very

seldom in the authorities thought applicable upon the weight of the evidence or to determine questions of fact, and in this state it is peculiarly the exclusive function of the jury to determine questions of fact and not that of the court, and further by the suggestion by our Supreme Court to the effect that this is a rule of the case rather than one to be generally employed whenever invoked, and we do not believe it to be applicable to this case, and find that we have no authority to apply the rule under the provisions of the code, and therefore the judgment of the Court of Common Pleas is affirmed.

POLLOCK and FARR, JJ, concur.