## CRIST v CAMPBELL

Ohio Appeals, 1st Dist, Butler Co

Decided Dec 5, 1932

Kimball Scott and Andrews, Andrews & Rogers, Hamilton, for plaintiff in error.

David Pierce, Hamilton, W. C. Shepherd, Hamilton, and Walter S. Harlan, Hamilton, for defendant in error.

## OPINION

By ROSS, PJ.

This case is presented to this court on error from the Court of Common Pleas of Butler County, wherein judgment was rendered for the plaintiff therein, J. W. Campbell, pursuant to an instructed verdict.

The case in its first trial resulted in a disagreement. On a second trial, the jury found for the defendant, F. M. Crist, who had set up a defense of misrepresentation to a suit upon a promissory note. This court reversed the judgment of the Common Pleas Court holding the verdict was against the weight of the evidence. On the third and last trial the same evidence was presented by both parties, and the court, considering that this court had laid down the law of the case, upon request instructed a verdict for the plaintiff for the amount of the note and interest. The plaintiff in error, Crist, claims that in so doing the court deprived him of his constitutional right to a trial by jury, and asks that the cause be remanded for a new trial.

It is contended by the defendant in error that, the evidence being practically identical, the court would have done a futile thing in submitting the case to the jury, and was bound by the judgment of this court upon such evidence.

This is not a case where the appellate court finds that the trial court should in the first instance have instructed a verdict, for upon such conclusions the appellate court would logically proceed to render the judgment that should have been rendered. If such premises had existed in this case, a judgment would have been so rendered. The case was remanded for retrial, of course, according to law, which means trial by jury. Such trial was rendered futile by intervention of the erroneous instruction of the trial court.

The effect of §11577, GC, is inescapable by the subterfuge of instructing a verdict. This section prohibits a second reversal by the same court against the same party on the weight of the evidence. If the third jury had reached the same verdict as the second, such verdict could neither have been disturbed by the trial court or this court. By anticipating an adverse verdict and instructing a contrary one, the trial court thwarted the manifest intention of the legislature prohibiting a court from twice nullifying the verdict of a jury upon the weight of the evidence against the same party in the same case.

The rule of practice known as the law of the case has for its basis the same foundation as §11577, GC, the early termination of litigation. Even if the rule were applicable, which it is not, it must give way to obvious provision and reasonable inference of the statute producing the same result.

We agree with the decision in Klass v Klass, 27 Oh Ap, 459, 161 NE, 406, (6 Abs 119), and the reasoning in the case of Met-

ropolitan Life Ins. Co. v Morabito, 10 Abs 165. The judgment of the Court of Common Pleas is reversed, and the cause remanded for a new trial.

Judgment reversed and cause remanded.

HAMILTON and CUSHING, JJ, concur.