**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3536

_____

EDWARD FORCHION; NJWEEDMAN'S JOINT LLC

v.

CITY OF TRENTON; POLICE DIRECTOR EARNEST PARREY; CAPTAIN
EDELMIRO GONZALEZ, JR.; DET. YOLANDA WARD; POLICE OFFICER
HERBERT FLOWERS; RICHARD KACHMAR; POLICE OFFICER SHEENHAN
MILES; SERGEANT BRIAN SUSCHKE; WILLIAM ("Bill") HAUMANN; BRIAN K.
HAWKINS, SR.; HAWK'S RECOVERY AND TOWING INC.; JOHN DOE 1-100;
ANGELO ONOFRI; JOHN BOYLE; STEPHANIE KATZ; KIMBERLEY WILSON

William Haumann,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:16-cv-01339)
District Court Judge: Honorable Peter G. Sheridan
(D.C. No. 3-16-cv-08466)
District Court Judge: Honorable Michael A. Shipp

_____

Argued October 15, 2021

Before: McKEE,* JORDAN, and FUENTES, *Circuit Judges*

(Filed: November 2, 2022)

---

* Judge McKee assumed senior status on October 21, 2022.

Dallas S. LePierre        [**ARGUED**]
Mario B. Williams
HDR
44 Broad Street, N.W.
Suite 200
Atlanta, GA 30303
           *Counsel for Appellees*

Robert J. McGuire        [**ARGUED**]
Office of Attorney General of New Jersey
Division of Law
25 Market Street
Hughes Justice Complex
Trenton, NJ 08625
           *Counsel for Appellant*

OPINION[*]

**McKEE**, *Circuit Judge*

This appeal involves Edward Forchion's Fourteenth Amendment procedural due process claims arising from the seizure of his two vehicles. Forchion brings claims against William Haumann, an assistant prosecutor and the Chief of Forfeiture at the Mercer County Prosecutor's Office, pursuant to 42 U.S.C. § 1983.[1] Haumann appeals the

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] Forchion's complaint names numerous defendants and raises numerous claims. However, this appeal only involves Forchion's procedural due process claims against Haumann.

district court's denial of his motion to dismiss that was based on his claim of qualified immunity.[2] For the reasons that follow, we will reverse.[3]

## I.

On April 27, 2016, officers of the Trenton Police Department ("TPD") raided Forchion's property and seized Forchion's "NJ WEEDMAN Van," a colorful van with messages encouraging legalization of marijuana, and Forchion's delivery car.[4] The TPD seized the van and the car "pending forfeiture proceedings."[5] Members of the TPD informed Forchion that a forfeiture hearing would occur within 60 to 90 days, but no hearing ever occurred because the decision was made not to pursue forfeiture.

Instead, on August 1, 2016, only five days after the 90-day period for a hearing had expired, members of the TPD "caused the Van to be deemed abandoned,"[6] transferred title of the van to City of Trenton, and "then caused the title in the Van to transfer to Hawk's Towing."[7] That same day, Hawk's Towing stripped the van for scrap

---

[2] Haumann also claimed absolute immunity in his motion to dismiss. He does not make this groundless argument on appeal. *See Schrob v. Catterson*, 948 F.2d 1402, 1419 (3d Cir. 1991) (holding that a prosecutor is only entitled to qualified immunity for his post-seizure management of property because he is acting in an administrative role).

[3] The district court had jurisdiction under 28 U.S.C. § 1331. Under the collateral-order doctrine, we have jurisdiction because the district court's denial of qualified immunity at the motion to dismiss stage is considered a "final decision" within the meaning of 28 U.S.C. § 1291. *Ashcroft v. Iqbal*, 556 U.S. 662, 672-75 (2009). We review a district court's denial of a motion to dismiss on qualified immunity grounds de novo. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). At the Rule 12(b)(6) stage, we must accept the factual allegations in the complaint as true. *Id.*

[4] App. 74-75 ¶ 52.

[5] App. 76-77 ¶ 58; App. 81 ¶ 76.

[6] App. 105-06 ¶144; App. 109 ¶ 148.

[7] App. 113 ¶ 153.

3

and then crushed it. By the time Forchion contacted the TPD and learned that the van would not be subject to forfeiture, Hawk's towing had already destroyed the van.

Unlike the van, Mercer County retained custody of Forchion's car for approximately two years. In April 2018, after Forchion's lawyers made multiple calls, a detective contacted Forchion's counsel and promised to release the car, which was subsequently returned to Forchion.

## II.

William Haumann, was an assistant prosecutor and the Chief of Forfeiture at the Mercer County Prosecutor's Office. Haumann was responsible for assessing whether assets were forfeitable under New Jersey law, assisting officers in obtaining seizure orders, and training officers on the civil forfeiture program. Haumann never notified Forchion that the van and car were not subject to forfeiture proceedings. Haumann also never notified Forchion that the van would be deemed abandoned.

Appellant summarizes the sole issue on appeal as: "The district court erred in denying Haumann's motion to dismiss because . . . Haumann has qualified immunity from Forchion's claims related to the two vehicles."[8]

In the district court, Forchion alleged that Haumann failed to notify Forchion: (1) that forfeiture proceedings would not be taken against the van and car; and (2) that the van would be deemed abandoned and title transferred to Hawk's Towing. Forchion claimed that he was deprived of his property interest in the van because it was destroyed

---

[8] Appellant Br. at 12.

by Hawk's Towing, and he was deprived of his property interest in the car for the two years it remained in Mercer County custody. All, purportedly because Haumann failed to provide Forchion with any notice.

Haumann filed a motion to dismiss Forchion's procedural due process claims, alleging immunity. The district court held that Haumann was not entitled to absolute or qualified immunity and denied Haumann's motion to dismiss. The court "construe[d] the deprivation Forchion challenge[d] as not the seizure of the [vehicles], but the choice to retain [them] without following the statutorily required forfeiture procedures."[9] The court found that Defendants' failure to file a forfeiture action violated Forchion's due process rights because "[w]ithout such a filing, the proper procedural channel to reclaim his [vehicles] was not available to Forchion, and he was deprived of his property without a hearing."[10]

### III.

"An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct."[11] We conduct a two-prong inquiry to determine whether an official is entitled to qualified immunity.[12] The first prong requires us to determine whether the facts alleged demonstrate that the official's conduct violated a

---

[9] *Liberty Bell Temple III v. Trenton City Police Dep't*, No. 3-16-cv-1339, 2019 WL 4750836, at *18 (D.N.J. Sept. 30, 2019).
[10] *Id.*
[11] *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014).
[12] *Peroza-Benitez v. Smith*, 994 F.3d 157, 165 (3d Cir. 2021).

5

constitutional right.[13] The second prong requires us to determine whether the constitutional right was clearly established.[14] "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."[15]

The district court concluded that Forchion's procedural due process rights were clearly established because "[t]he right to return of seized property without delay when forfeiture proceedings are not instituted within the statutory time frame is of 'constitutional dimension' and has been clearly established in New Jersey since at least the 1980s."[16] Moreover, "[a]ny reasonable prosecutor should have known he was violating Forchion's constitutional rights when he made the decision to retain Forchion's [vehicles] without the statutorily required process."[17] We disagree. Haumann is entitled to qualified immunity because Forchion has not sufficiently alleged a deprivation of his Fourteenth Amendment procedural due process rights.

In any civil rights action, a plaintiff must establish that the defendant had "personal involvement in the alleged wrongs," which "can be shown through allegations of personal direction or of actual knowledge and acquiescence."[18] The allegations "must

---

[13] *Id.*

[14] *Id.*

[15] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[16] *Liberty*, 2019 WL 4750836, at *18.

[17] *Id.*

[18] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

be made with appropriate particularity."[19] To succeed on a procedural due process claim under § 1983, a plaintiff must prove:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.[20]

Forchion does not contend that the *seizure* of either the van or car deprived him of a protected property interest. Rather, he argues that after the decision was made to not pursue forfeiture, he was deprived of his property interest in the van when it was destroyed, and he was deprived of his property interest in the car during the two years it remained in Mercer County custody.

Forchion attempts to attach liability to Haumann for these alleged property deprivations because Haumann failed to notify Forchion that (1) the Mercer County Prosecutor's Office was not pursuing forfeiture of the van and the car and, (2) the van would be deemed abandoned and destroyed. However, there is not a single allegation in the complaint[21] that Haumann either subjected Forchion to, or caused Forchion to be subjected to, the actual deprivation of his van or car.

The lengthy complaint merely alleges that the TPD seized both the van and car. The TPD caused the van to be deemed abandoned and transferred title of the van to the City of Trenton and then caused title to transfer to Hawk's Towing, which purportedly

---

[19] *Id*.

[20] *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989).

[21] The complaint is the Third Consolidated Amended Complaint.

did the TPD "a favor" and crushed the van.[22] While Mercer County retained custody of the car for two years, a detective—not an individual from the Mercer County Prosecutor's Office—responded to Forchion's counsel's inquiries and notified Forchion that the car would be returned.

The complaint does not allege that Haumann took any action to deem the van abandoned, transfer title of the van, or destroy the van. Similarly, the complaint does not allege any action or decision made by Haumann to retain custody of the car. Although Haumann was a prosecutor in the Mercer County Prosecutor's Office, he is sued in his individual capacity, and the actions of Mercer County to retain the car cannot be attributed to him without allegations of personal involvement.[23] Because Haumann had no personal involvement in any deprivation of Forchion's property interest, Forchion has not demonstrated that Haumann violated Forchion's Fourteenth Amendment procedural

---

[22] App. 79 ¶ 68.

[23] *See Rode*, 845 F.2d at 1207. Even if Haumann deprived Forchion of a property interest, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Because the retention of the car was "effected through random and unauthorized conduct of a state employee," Forchion was only entitled to a "suitable postdeprivation remedy," which includes "adequate state post-deprivation remedies." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 138-39 (3d Cir. 2010) (explaining that "[a]lthough a pre-deprivation hearing is generally required before a state seizes a person's property," the state's post-deprivation procedures were an "adequate" remedy because the defendants' retention of the plaintiff's property for more than two years was random and unauthorized). Forchion cannot prevail on his claim that he was deprived of due process by Mercer County's retention of his car because he "has failed to explain why New Jersey's state procedures to recover wrongfully seized property, such as . . . the ability to file a separate action for a writ of replevin, are insufficient." *Revell*, 598 F.3d at 139.

due process rights. Forchion's attempt to overcome Haumann's claim of qualified immunity fails to satisfy the first prong of our inquiry. Since no constitutional deprivation is alleged, the district court erred in denying Haumann's claim of qualified immunity.

## IV.

For the above reasons, we will vacate the district court's order denying Haumann's motion to dismiss and remand with instructions to grant the motion.