### BEACH v MIZNER

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Nov 12, 1935

Allison M. Gibbons, Cleveland, for plaintiff in error.

C. M. White, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

Prior to the enactment of the present Probate Code which became effective January 1, 1932, no definite time was fixed within which claims of creditors must be presented. §10741, GC therefore contained the only reference to the effect that six months after his appointment the executor or administrator may pay the debts without liability to creditors who later present claims. This subsection 112 now in effect provides a definite time within which claims shall be filed and gives certain preferences to such diligent creditors who present their claims within this limit. This section now reads as follows:

"Sec 10509-112 GC. PRESENTATION, ALLOWANCE AND REJECTION OF CLAIMS. Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees."

Sec 10509-133, GC, deals with the time when claims are barred to the effect that a claimant must commence a suit for the recovery of his claim within two months after rejection or be forever barred. Former §10722, GC, was re-written and given the above number changing the limitation from six months to two months and allowing the exception set forth in §10509-134, GC.

Sec 10509-133 GC, reads as follows:

"WHEN CLAIM BARRED. If a claim against the estate of a deceased person has been presented to the executor or administrator, and has been disputed or rejected by him, but not referred to referees, the claimant, except as is otherwise provided by law, must commence a suit for the recovery of such claim within two months after such dispute or rejection, if the debt or any part of it be then due, or within

two months after some part of it becomes due, or be forever barred from maintaining an action thereon. Except as is otherwise provided by law, no action shall be maintained thereon after such period, by a person deriving title thereto from such claimant."

As we understand it, power and jurisdiction were placed in the Probate Court to reinstate a barred claim under the circumstances enumerated in §10509-134, GC, which is in the following language:

"REINSTATEMENT OF BARRED CLAIM. Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

Therefore, creditors shall present their claims within four months after the date of appointment of executor or administrator for allowance or rejection. §10509-112, GC.

If duly presented and then rejected and not referred, suit must be instituted within two months after rejection or be forever barred. §10509-133, GC.

If not presented within four months creditors may petition the Probate Court for leave to file for allowance which may be granted upon proper proof with rights limited. §10509-134, GC.

The Probate Code now in force which became effective January 1, 1932, was enacted for some commendable purpose. It is a generally accepted theory and belief that it was inspired by the uncertainty and confusion attendant upon the administration of estates under former statutes. To remedy this, the law now expressly specifies the order and the time for each necessary procedural step. §§10508, to 10508-14, GC.

These sections mandatorily require such a claim as is the subject of this action to be presented in four months. The facts of presentation and rejection are a part of the cause of action without which the plaintiff can not maintain the action. Or,

if not thus presented, there is no cause of action without resort to §10509-134, GC, for aid and reinstatement as therein provided.

There are certain claims such as contingent claims and claims rejected after allowance at the request of an heir or creditor that are not controlled by these strict time limitations, but even these are controlled by limitations applicable to this class of claims. However, the claim of plaintiff herein is not one of these.

Finally, it is our opinion that a petition to state a cause of action upon such a claim must contain averments that the claim was duly presented within four months and that the same was rejected. Without the existence of these facts there is no cause of action and no right in plaintiff to maintain an action. The claim is barred unless and until reinstated under §10509-134, GC.

The judgment is affirmed with exceptions noted.

LEVINE and TERRELL, JJ, concur in the judgment.