### HOLMBERG et v
### THIRD NATIONAL BANK & TR CO et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1397.   Decided June 19, 1936

632

Taft, Stettinius & Hollister, Cincinnati, Cobb, Hoke & Benson, Minneapolis, Minn., for plaintiff and for defendant Ervin J. Friede, Receiver.

H. P. Williamson, Dayton, and A. P. Mercer, Dayton, for defendant, The Third National Bank & Trust Company.

## OPINION

By BODEY, J.

An appeal on a question of law is here prosecuted from a decision of the Court of Common Pleas in sustaining the demurrer of the defendant, The Third National Bank & Trust Company as executor, filed to the amended answer and cross petition of the defendant, Ervin J. Friede, as receiver.

Upon sustaining the demurrer the trial court dismissed the amended answer and cross petition.

In his amended answer and cross petition the defendant, Friede, as a receiver for creditors of the Southern Minnesota Joint Stock Land Bank of Minneapolis, particularly appointed for that purpose by the United States District Court for the Fourth District of Minnesota sought to recover from the defendant Bank and Trust Co. as executor of the estate of George W. Weimer, deceased, the stockholders' double liability of 100% upon 36 shares of stock in said Joint Stock Land Bank which were owned by said Weimer at the time of his decease. It is alleged in the amended answer and cross petition that the Federal Farm Loan Act under which said Joint Stock Land Bank was organized provides for a liability of stockholders to the par value of the stock held by them in addition to the amount paid in for said shares; that on May 2, 1932, the Federal Farm Loan Board declared said Joint Stock Land Bank insolvent; that on July 28, 1932, certain creditors on their own behalf and on behalf of all other creditors filed a bill of complaint in said District Court of Minnesota, praying said court to order the assessment of the double liability upon the stockholders of said Joint Stock Land Bank; that on April 20, 1935, an order of assessment to the full amount of 100% was entered by said court and said cross petitioner was appointed receiver for the creditors to effect collections on said assessment from the stockholders; that the defendant Bank and Trust Company was appointed executor of the estate of George W. Weimer, deceased, on March 1, 1933, and now holds said 36 shares of the capital stock of said Joint Stock Land Bank upon which there is due to said cross petitioner the sum of $3600.00 as per said order of the District Court of Minnesota in assessing said double liability, for which amount judgment is prayed.

The defendant Trust Company, as executor of the estate of George W. Weimer, deceased, demurs to this amended answer and cross petition. The demurrer specifies the following three grounds: (1) That the court has no jurisdiction of the subject hereof; (2) That defendant has not legal capacity to bring this action; (3) That the facts do not constitute a cause of action.

As already stated, the Common Pleas Court sustained the demurrer. We are not

favored with the opinion of the lower court.

Counsel for the executor in support of the demurrer contend that the receiver has no right to sue in this state, and that the right to sue is one which is lodged in the creditors alone. Counsel for the receiver insist that their client is not the ordinary chancery receiver but is a quasi-assignee or quasi-trustee, who represents all creditors, who takes his appointment from a court of competent jurisdiction for the sole purpose of enforcing this double liability, and that as such he alone is invested with the right, power and authority to institute actions for recovery of that liability.

Counsel do not argue upon a question which we believe is determinative. The amended answer and cross petition contains no allegation that this claim was ever presented to the executor for allowance. We believe that such presentment is necessary and that a petition or cross petition which does not carry such an averment is bad on general demurrer.

It is the law, and counsel agree in their arguments, that the enforcement or collection of this double liability is an action which belongs to the creditors. The Supreme Court of the United States so stated in the case of Wheeler v Green, Receiver, etc., 280 U. S. 49, 74 L. Ed. 160. The character of a cause of action is not changed whether it be enforced by the creditors for themselves or by some other person or persons in their behalf. The action remains as one for the creditors. In Ohio under §10509-112 GC, creditors are required to present their claims to the administrator or executor within four months after the date of his appointment. If not so presented the creditor or person deriving title from him may petition the Probate Court under §10509-134 GC for leave to file his claim for allowance and that court may permit such claim to be filed. Certain other sections of the Probate Code provide that claims of creditors shall be barred unless action on claims rejected by the executor or administrator be instituted within two months after the rejection. Still another section, to-wit, §10509-144 GC, provides that no claim shall be barred until two months have elapsed after it accrued. In the case of **State ex Fulton, Supt. of Banks v Bremer, Admrx., 130 Oh St 227**, the Supreme Court had under consideration the Probate Code sections hereinabove mentioned in connection with an action of the Superintendent of Banks to recover the double liability on bank

stock owned by defendant's decedent. The court did not hold that it was necessary for the Superintendent of Banks to present to the administratrix his claim for double liability on bank stock owned by the estate, although it stated at the very beginning of its opinion that such was the question which was before it and that the question was clear cut. That court did hold, however, that when the Superintendent of Banks did present his claim and the same was rejected that the action was barred unless commenced within two months after such rejection. We quote the following language from this opinion, which is found at page 237 thereof:

"Had a creditor instituted this suit there could have been no question that he would have been required to present his claim to the administratrix, as provided by law, and if he failed to sue within the time provided he would have been barred of recovery beyond question. Then how can the rights of the Superintendent of Banks, seeking to enforce the same liability, rise higher than the rights of the creditor for whom he is acting in a representative capacity?"

We take it that this language applies with all of its force to the case at bar. The action here is one for the benefit of creditors. If brought by them, the claim must be presented to the executor for allowance. We do not believe that the District Court of Minnesota, by action designating a receiver to proceed to collect this liability on behalf of the creditors, can invest that receiver with rights under the Ohio law which the creditors for whom he acts did not already possess. In other words, the procedural steps, which the receiver must take in the Ohio courts, can be no less than those which are required of the same creditors whose interests he represents. In our judgment this claim should have been presented to the executor defendant for allowance before this action was instituted.

If then it is necessary to present such claim for allowance, we approach the next question. Is it necessary to allege in the petition on a claim against an estate that such claim has been presented to the executor for allowance? It is our view that such allegation is necessary and that a failure to so plead makes the petition bad on demurrer as not stating facts sufficient to constitute a cause of action. A rather similar question was recently passed upon by

the Court of Appeals of Cuyahoga County. We refer to the case of **Beach, Receiver v Mizner, Executor, 20 Abs 380,** motion to certify overruled by the Supreme Court, **130 Oh St 463.** That was an action by a receiver appointed in Ohio to collect from an executor unpaid stock subscriptions owed by a decedent. The petition did not contain an averment of presentation of the claim to the executor within four months after his appointment as provided by §10509-112 GC, nor was it averred that the plaintiff had sought to file said claim by leave of the Probate Court under **§10509-134 GC.** On demurrer the Court of Appeals held:

"It is our opinion that a petition to state a cause of action upon such a claim must contain averments that the claim was duly presented within four months and that the same was rejected. Without the existence of these facts there is no cause of action and no right in plaintiff to maintain an action. The claim is barred unless and until reinstated under **§10509-134 GC.**"

We draw no distinction between an action for unpaid stock subscriptions and one for collection of the super-added liability upon stock once paid for. We are in accord with the decision of the Court of Appeals in Beach, Receiver v Mizner, Executor, supra, and hold that the amended answer and cross petition herein does not state facts sufficient to constitute a cause of action, and that the demurrer was right fully sustained by the lower court.

The judgment is affirmed with exceptions.

BARNES, PJ, and HORNBECK, J, concur.