## CHRISTOPHER, ESTATE OF, In Re

Ohio Probate Court, Greene Co

Decided May 25, 1937

246

Neal W. Hunter, Jamestown, Howard P. Williamson, Dayton and A. P. Mercer, Dayton for defendant-executor.

George R. Murray, Dayton, for petitioners.

By SMITH, J.

This matter comes to this court on the petition of W. E. Brusselback, et al, as trustees of the Retirement Board of the Park Employees Annuity and Benefit Fund of Chicago, Illinois, as creditors of the Chicago Joint Stock Land Bank on their own behalf and on the behalf of all other creditors of said Land Bank; purpose of said petition being to reinstate a claim against the estate of Sally Christopher, which claim is founded on the statutory liability of said stockholder in said bank as provided for by the Federal Farm Loan Act, said claim being founded upon the ownership by Sally Christopher of thirty-one shares of capital stock of the Chicago Joint Stock Land Bank with liability for assessment amounting to a sum equal to one hundred per cent of the par value of the said stock, to-wit: thirty-one hundred dolars ($3100.00).

The petitioners allege that they failed to present their claim to the executor of said estate for allowance or rejection within the time prescribed by law. The petition further alleges that the right to proceed against the individual stock holders of said bank did not accrue until August 5, 1935, on which date a decree of assessment was entered by the District Court of Illinois, Eastern Division, in a cause entitled "Brusselback, et al v. Chicago Joint Stock Land Bank, et al, No. 12303 in equity on the docket of said court, and that the time prescribed by law for presentment had expired prior to said date."

Petition further alleges that the necessity for presentment under the circumstances as set forth in the petition was not determined until a recent decision by the Supreme Court of this state and that the filing of said bill in equity constitutes a presentment of their claim to the executor of the estate of Sally Christopher.

To the petition, A. J. Christopher, as executor of the estate of Sally Christopher, deceased, files an answer and sets up as matters of defense that the decree of the United States District Court of Illinois, as set forth in the petition, is without force or effect within the state of Ohio, and alleges that whatsoever action accrued, did accrue on the first day of October 1932, at which time the Federal Farm Loan Board declared the Chicago Joint Stock Land Bank insolvent rather than on August 8, 1935, as alleged in the petition as being the date action accrued.

Said answering executor further alleges that the petitioners have been guilty of 'Culpable Neglect' by reason of failure to present their claim within the statutory period required for the presentment of claims to fiduciaries in this state.

An examination of the estate of Sally Christopher in this court discloses that said decedent died on the 25th day of March, 1935, testate, her will being admitted to probate on March 28, 1935, and letters testamentary were issued to A. J. Christopher as executor on March 28, 1935. Subsequent to the usual probate procedure, said executor upon the 27th day of December, 1935, filed his final account, showing a complete distribution of the estate of said decedent, which said final account was duly advertised and approved by the Probate Court of Greene county, Ohio.

Petitioners seek to invoke the benefits of the provisions of §10509-134 GC, which section of the probate law provides for reinstatement of barred claims, and insist that they have presented facts which justify the court in finding that in justice and equity they should be allowed to file their claim for allowance with the said executor, and that they have not been guilty of 'culpable neglect' in failing to present their claim within the four months period prescribed by law.

Further examination of the evidence submitted in this case discloses that on October 1, 1932, the Federal Farm Loan Board declared the Chicago Joint Stock Land Bank to be insolvent and on the same day a receiver was appointed who took into his possession the assets of said bank for the purpose of liquidation. On the first day of October, 1932, the petitioners in this case, then acting as plaintiffs, filed their petition in the United States District Court for Illinois, praying a judgment of one hundred per cent of the par value of the stock held by all stockholders; but that Sally Christopher, although made

a party to this suit and who was then living, was never served with summons nor did she enter her appearance in that action. The subsequent liquidation had in the various Federal Courts atfer August 5, 1935, this court does not deem as being material to the case at bar.

The first matter to be determined by this court is: When did the right of action against Sally Christopher, or her legal representative, first accrue? Did such right of action accrue on the first day of October, 1932, upon the declaration of the Federal Farm Loan Board, declaring the Chicago Joint Stock Land Bank to be insolvent and upon the appointment of a receiver on said date, or did said right of action accrue upon the fifth day of August, 1935, at which time a decree of assignment was entered by the District Court of Illinois as hereinbefore set forth? In the case of **Barrick v Gifford et al, 47 Oh St 180**, the court finds:

"Where a company has become insolvent and made an assignment on all of its property for the benefit of its creditors, the right of the creditors, or any of them, then accrues to commence suit against the stockholders on their liability under the statute without any prior proceedings against the company, and the statute of limitations begins to run from that time against the right of action. A suit commenced by one creditor on behalf of himself and all other creditors of an insolvent corporation to enforce the statutory liability of its stockholders, is in the nature of a demand for all, and saves the running of the statute of limitations as against all the creditors who may come in and assert their claims before the final determination of the action."

Counsel for the petitioners. do not cite, nor does the court find, that the rule laid down in the foregoing case has ever been reversed in this state. Therefore, applying this rule, we are led to ▓▓▓▓ the inevitable conclusion that the right of action accrued against Sally Christopher on the date of October 1, 1932.

The question thereupon arises: Was this such a claim as might, or could have been, presented to the executor of the estate of Sally Christopher for allowance within four months subsequent to his appointment March 28, 1935?

Sec **10509-112 GC**, provides as follows:

"Creditors shall present their claims whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the electon to take under the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees."

Upon the examination of §10509-112 GC, there seems to be no restriction placed upon the type or kind of claim that may be presented to an executor or administrator. On the contrary, the door is apparently open for the presentment of all claims whatsoever. No distinction is drawn between determined and undetermined claims, except as to negotiable instruments maturing subsequent to the expiration of the four months period; and even such matters as negotiable instruments are not barred from being presented for allowance, even though not due. More-▓▓▓▓ over, the use of the word 'shall' seems to make the presentment of all claims, other than that of later maturing negotiable instruments, mandatory.

Petitioners admit their failure to present a claim, and, therefore, stand in the position of a barred claimant, but claim certain rights under §10509-134 GC, as follows:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing. It is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit pettioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

This section undoubtedly gives Probate Courts large discretion in allowing re-instatement of barred claims, but limits and removes the right to exercise such discretion in instances where the creditor is guilty of culpable neglect.

Since the passage of the new Probate Court Act, I know of no case in which culpable neglect has been defined, or redefined, in reference to this partcular section of the law. We can only presume that the Legislature, in enacting this section, intended that the term should be construed in the same manner as in other cases. Bouvier defined culpable neglect, as follows: "He who has merely lost a right of action which he might voluntarily relinquish, and has wronged nobody but himself. Culpable neglect would seem to convey the dea of neglect for which he was to blame and is ascribed to his own·carelessness, improvidence or folly." This definition of culpable neglect is carefully followed in the case of Kribs v. Starman et al, 32 N. P. (N.S.), 29, and was defined to mean such neglect in enforcing one's own rights as can fairly be attributed to carelessness, improvidence or folly. In this regard, what then is the position in which we find the petitioners? We believe that undoubtedly petitioners right of action against Sally Christopher accrued upon October 1, 1932, and that they were standing accordingly in the position of any other creditor so far as the presentment for allowance of claims was concerned.

Petitioners argue that prior to the decision of **Beach v Mizner, 131 Oh St 481, 6 O. O. 155,** that there was great uncertainty of the law regarding the presentment of claims, and that, due to this vagueness and uncertainty, they have not slept upon their rights or been guilty of 'culpable neglect' but that, on the contrary, they have vigorously prosecuted their claim against the estate of Sally Christopher in the Federal Courts; that such is the case appears to be the foundation for the decision' of Judge Wiseman in a similar manner submitted to the Probate Court of Montgomery County the case of In Re Estate of George W. Weimer, 8 O. O. 314.

With Judge Wiseman's decison we can not agree. We know of no substantial right that vests by reason of uncertainty of law. In numerous cases, courts have decided matters where greatest uncertainty and vagueness of the law existed and made no exceptions of the party against whom such decisions were directed by reason of such uncertainty. In other words, the courts have never said in effect: We find the law to be thus and so, but make an exception of this unsuccessful litigant by reason of the fact that the law on this point was heretofore vague and uncertain. Perhaps it is not pertinent to a decision in the instant case, but is a matter that to my mind greatly aggravates the position of the petitioners, namely, this: Upon August 5, 1935 by decison of the Federal Court, as hereinbefore set forth, the right of assessment against the estate of Sally Christopher in 100 per cent of her statutory liability was definitely determined and this right of assessment accrued before the decision of Beach v. Mizner, and with full knowledge by the petitioners that an executor had been appointed of Sally Christopher, yet petitioners did not even at that time present their claim for allowance to the executor, nor did they even at any time prior to the final settlement of the estate.

The purpose of enacting §10509-112 GC and subsequent sections was to expedite the handling and settlement of estates. What then is to be the effect of permitting the reinstatement of a claim such as is presented by petitioners? In our opinion it would amount to rendering these sections a mere nullity. At all times, the petitioning creditor stood by and allowed the full administration of this estate and now argues that it was not until the case of Beach v. Mizner that they knew these sections of the ·law really meant anything. We believe that these sections are clear both in language and in purpose, and that in failing to exercise their rights, that petitioners are undoubtedly guilty of 'culpable neglect' and that permission to reinstate their claim would be an abuse of judicial discretion.

Moreover, in the instant case, we believe that the court is without authority to, exercise judicial discretion to reinstate their claim. The latter part of §10509-134 GC says, in referring to claims that are allowed by the court to be reinstated: "Such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

The estate of Sally Christopher has been fully administered and distribution made. Petitioners argue that the filing of the bill in equity No. 393 in the United States District Court, Southern District of Ohio, entitled W. E. Brusselback et al v. Herman

V. Arnovitz on August 8, 1935, constitutes a presentment of this claim. We do not believe such to be the case. It is our opinion that upon August 8, 1935, the statutory period of four months for the presentment of claims had already expired as against these claimants. Furthermore, it was the purpose of this case to establish certain rights of the claimants under the Federal Farm Loan Act whch were matters ▆▆▆▆▆▆ of litigation. The purpose of §10509-112 GC is that of presenting claims for allowance or rejection, and that a law suit in another court, although involving the same party, is not in compliance with the statutes.

It is, therefore, the opinion of this court that the rights of these petitioning creditors to reinstate their claim and to file their claim with A. J. Christopher as executor of the estate of Sally Christopher should be, and hereby is, denied. Counsel will draw the proper entry.