**CHRISTOPHER, ESTATE OF, In Re et**

Ohio Appeals, 2nd Dist, Greene Co

Decided Dec 19, 1937

Legler & Murray, Dayton, for appellants.
H. P. Williamson, Dayton, A. P. Mercer, Dayton, and Neal W. Hunter, Jamestown, for appellees.

## OPINION

By GEIGER, J.

This cause is before this court on appeal from the Probate Court of Greene County on questions of law.

The bill of exceptions is ·brief and there is little controversy as to the facts. These will be disclosed by the pleadings.

On April 30, 1937, there was filed in the Probate Court a petition of creditors of the Chicago Joint Stock Land Bank seeking a reinstatement of the claim that the creditors sought to assert against the estate of Sallie S. Christopher, deceased. The creditors state that they have a claim against the estate of the decedent which they describe substantially as follows:

"Statutory liability as provided for by the Federal Farm Loan Act (U. S. C. A., Title 12, Chapter 7, §812) as holder and owner of 31 shares of the capital stock of the Chicago Joint Stock Land Bank. Said liability amounting to a sum equal to 100% of the par value of the stock so held, to-wit, $3100.00."

The petitioners state that they failed to present their claim to A. J. Christopher, executor, for allowance within the time prescribed by law for such purpose, giving the reasons for such failure as follows:

(1) That the right to proceed against the individual stockholders of the bank did not accrue to petitioners until August 5, 1935, on which date a decree of assessment was entered by the District Court of Illinois in a case entitled Brusselback v Chicago Joint Stock Land Bank.

(2) That the time prescribed by law for

the presentment had expired prior to said date.

(3) That the necessity for presentment, under the above circumstances was not determined until a recent decision of the Supreme Court of Ohio.

(4) That the filing of the bill in equity in the U. S. District Court, Southern District of Ohio, by plaintiffs herein on August 8, 1935 constituted a presentment of the claim.

The petitioners pray that the Probate Court grant to them on their own behalf and on behalf of all creditors of the bank an order reinstating the claim and permitting them to present said claim to the executor for allowance.

To this petition A. J. Christopher, executor, filed an answer admitting his appointment but denying any statutory liability of the estate to the petitioners and denying that the petitioners have any claim against the estate on account of the 31 shares of the stock of the bank. The executor further denies that the petitioners have any claim whatever against the estate by reason of the assessment made by the U. S. District Court of Illinois and deny that as trustees they have any right to present or collect said claim from the executor.

It is asserted that on or about the first day of October, 1932, the petitioners herein as plaintiffs filed in the U. S. District Court for Illinois a petition praying for judgment for 100% of the par value of the stock held by Sallie Christopher and that in said suit all of the stockholders of the bank were made parties but that Sallie Christopher, although a party, was never served with summons and never entered her appearance.

It is further stated that thereafter on the 25th day of March, 1935, Sallie Christopher died and on the 28th day, defendant was appointed executor and that although the suit was pending in the U. S. District Court for Illinois, no claim was presented to the executor within four months after the 28th day of March, 1935 on account of any alleged stock liability.

It is further stated that the petitioners have been guilty of culpable neglect by reason of their failure to present their claim within four months from the 28th day of March, 1935 for the reason that on the 25th day of March, the date of the death of Sallie Christopher said cause was pending in the U. S. District Court for Illinois and the right of action had accrued against Sallie Christopher and her estate and that

the same should have been presented for allowance and the ends of equity and justice will not be served by permitting the petitioners to reinstate their claim and the executor prays that the petition be dismissed.

The Probate Court of Greene County, upon hearing of the cause, made findings of fact which are apparently conceded to be true and are substantially the facts alleged in the answer of the executor referred to and further that on the 27th day of December, 1935, the executor filed his final account in this estate and made distribution thereof. The court finds that the petitioners are guilty of culpable neglect and that equity and justice do not require the reinstatement of the claim of the plaintiffs.

A motion for new trial was made and overruled and notice of appeal was given on questions of law.

In this court, the applicants say for their assignment of errors that the Probate Court erred:

(1.) In holding that the right of the petitioners to proceed against the individual stockholders of the bank accrued to the petitioners on October 2, 1932.

(2) In failing to find that the right of action, if any, arose against the appellees on August 5, 1935, when the District Court of the Northern District of Illinois fixed the amount of the assessments.

(3) In holding that the petitioners have guilty of culpable neglect and that justice and equity require the denial of their petition.

(4) In overruling motion for new trial.

These assignments of errors present interesting and important questions.

Sec 10509-112, GC, provides that creditors shall present their claims whether due or not due to the executor within four months after the date of his appointment and that such executor shall allow or reject all claims with certain exceptions.

Sec 10509-134, GC, provides that upon petition filed by creditor or person deriving title from him whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim

nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law.

Interesting briefs are filed by counsel in which the history of the case is recited by each side without marked difference.

Counsel for plaintiff set up the provision as to the liability under the Federal Farm Loan Act "U. S. C. A. Title 12, Chapter 7, §812" as follows:

"Individual liability of shareholders. Shareholders of every Joint Stock Land Bank organized under this chapter shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such bank to the extent of the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares."

It is asserted by counsel for plaintiff that inasmuch as this section provides that they are to be held "responsible equally and ratably" and not one for another, that no suit could be filed against the Ohio stockholders for the purpose of determining the amount of the assessment until the Federal Court fixed an equal and ratable assessment for all stockholders.

The first question to be determined is when the claim against Sallie Christopher accrued. Was it on October 2, 1932, at which time the Federal Farm Loan Board declared the Chicago Joint Stock Land Bank insolvent and took over its assets for liquidation and a receiver was appointed or was the right of action deferred until August 5, 1935, on which date a decree of assessment was entered in the District Court for Illinois upon the stockholders' petition filed on October 2, 1932? Counsel for plaintiff urges that inasmuch as the obligation of each stockholder is to pay equally and ratably that the right to proceed against the decedent herein did not accrue until the final determination of the Illinois court that the stockholders should pay 100% on their stockholdings.

Upon this question there have been different positions taken but we are of opinion that we are guided as to the law in Ohio by the principles laid down in **Varick v Gifford et, 47 Oh St 180**, and in **Bronson v Snyder, 49 Oh St 438**. It is true that both of these cases involve corporations and not banks and that since the announcement of these decisions the constitutional provision for double liability for such have been replaced.

Counsel for plaintiff claims that these cases are not applicable in that the provision for double liability now under investigation provides that the shareholders shall be held individually responsible **equally and ratably.**

The solution of this question invites our attention to the rulings of the court in various cases dealing with stockholder's liability. We shall confine our investigation largely to the Ohio decisions. It is, of course, apparent that the Ohio decisions are not controlling in this case except so far as they throw light upon the proper interpretation to be given to the provision as to liability under the Federal Farm Loan Act heretofore quoted.

The basic question is, when does the right to pursue the stockholder accrue. If it accrues at the time of the insolvency of the corporation, then manifestly the statute of limitations will begin to run from that period. If, however, as claimed by the plaintiff it does not begin to run until the final determination of the court fixing the amount in which each individual stockholder is obliged to respond equally and ratably then the statute of limitation did not begin to run until the court had made that determination, which, in this case is alleged to be August 8, 1935. See **Wright v McCormick, 17 Oh St 87; Brown v Hitchcock, 36 Oh St 667;** Selig v Hamilton, 234 U. S. 652; Marin v Augedahl, 247 U. S., 142; Hawker v Glen, 131 U. S. 319; Wheeler v Greene, 280 U. S. 49; **Snider v Baking Co., 124 Oh St 375; Vance, Exrx. v Warner, 129 Oh St 357, 2 O.O. 367.**

In **State ex Fulton v Bremer, 130 Oh St 227, 4 O.O. 242,** it is stated by the court through Judge Stephenson.

"The superadded liability is created by constitutional mandate. In other words is a liability created by operation of law. When a person becomes a stockholder in a corporation authorized to receive money on deposit in Ohio, the superadded liability attaches to him regardless of what he agrees to do or not to do. The fact that such liability is created by constitutional provision in no wise affects its character. It remains a liability created by operation of the law and is a primary and not secondary liability."

It may be deduced from the foregoing cases that the stockholder's liability is not an asset of the corporation but is a contract made between the stockholder and

the creditor and that such liability of the stockholder to the creditor begins at the time the debt is contracted, but may be enforced only after the assets of the corporation have been exhausted or the corporation has been placed in the hands of a liquidator so as to prevent an effective action against the corporation and further that when a suit has been instituted by a creditor against the corporation, the finding of the court in such suit as to the insolvency of the corporation and the necessity for and the amount of the stockholder's assessment may be fixed by the court in which the original action is brought through the fact that the stockholder to that extent is represented by the defendant corporation.

We are in search of any authoritative decision which may determine when the stockholders liability begins where there is provision that shareholders shall be held responsible **equally** and **ratably** and not one for another. We invite attention to the case of **Long v Osborn Bank, 100 Oh St 51**, where Judge Wanamaker in his incisive manner presents the history of the constitutional amendments in reference to double liability.

That constitutional provision fairly parallels the individual liability of the Federal statute heretofore quoted. Judge Wanamaker says on page 55:

"So long as the stockholders of the Osborn Bank continued to own that stock, so long were they subject to the liabilities imposed by the constitution and laws of the state touching the indebtedness they incurred under any such constitutional provision and statutes pertaining thereto."

It seems to us that this holding definitely disposes of the claim made by the plaintiff that the liability did not begin until the determination of the Federal Court in Illinois on August 8, 1935, and that this ruling together with others heretofore cited, definitely establishes the proposition that a stockholder is liable to a creditor from the inception of the debt whether his liability was such as existed under the constitution of 1851 or under the constitutional provisions relating to banks of 1912, or under the Farm Loan Act.

If the double liability was a provable claim since October 2, 1932 then it may be well said that the failure to present the same within the four months is more culpable than if the claim did not mature until August 8, 1935, for the reason that if it matured in 1932 against the living stockholder, the creditor had four full months in which to present the claim after the appointment of the executor, whereas if it did not mature until August 8, 1935, the four full months from March 28, 1935, the day of the appointment of the executor, had already expired before the claim accrued.

Counsel for the creditors asserts that his clients are excusable and not guilty of culpable neglect because of certain actions that he prosecuted in various counties, among which was that on the same day of the pronouncement of the court in Illinois, to-wit, August 8, 1935, the creditors filed a suit in the Federal District Court at Dayton, Ohio, against 139 Ohio stockholders by bill in equity praying for the collection and disbursement of the double liability based upon the 100% assessment fixed by the Illinois court wherein they alleged that the Ohio stockholders were bound by such assessment and that Sallie Christopher was made party defendant, but that her death was not discovered until about October 7, 1935.

It cannot be said that a creditor filing an action based upon the liability of a person who had deceased more than four months prior to the filing of that action was not chargeable with neglect in not having ascertained that she no longer was a living person and could not be sued as such and that there were certain definite statutes of Ohio establishing the method in which the creditor should proceed in order to protect his rights against a decedent's estate.

Counsel asserts that inasmuch as some 13 estates were involved and the creditors were willing to waive the priority of their claim and depend upon the assets of each solvent estate and that in so doing they follow the accepted construction of §10509-112 GC which was to the effect that said section did not bar a claim not presented but only effected the priority thereof and that they were not chargeable with negligence.

Counsel, of course, will not maintain that a misinterpretation of what the law actually was, simply because there had been no judicial determination of the statute, in any way affected their rights, except so far as it bore upon the question of their negli-

gence. The statute itself was effective January 1, 1932 and any prior decisions of the court which misled counsel were based on other and different statutes.

Counsel states that to the surprise of the legal profession, the Supreme Court on July 15, 1936, overruled the heretofore announced law holding for the first time that §10509-112 GC is a statute of limitations and that under these circumstances the holding of the Supreme Court in Beach v Mizner should not be made retroactive. Counsel are not quite accurate in stating when they first should have been apprised.

On Nov. 12, 1935, the Court of Appeals of Cuyahoga County in **Beach v Mizner**, 4 O.O. 253, (20 Abs 380), held that a claim against an estate for an unpaid balance due on stock subscribed by decedent came within §10509-112, GC.

On January 15, 1936 in **Beach v Mizner** 130 Oh St 463, 5 O.O. 68, it was ordered that the petition be dismissed for the reason that no debatable constitutional question is involved. Apparently later the motion to certify was allowed and the opinion of the court appears in **Volume 131, Oh St 481, 6 O.O. 155** under date of July 15, 1936.

We are of the opinion that at least since November 12, 1935, at the time of the announcement of the opinion by the Court of Appeals of Cuyahoga County, counsel were warned of the holding which required the claim to be filed within the statutory period provided by §10509-112 GC, eight months prior to the final decision of the court on July 15, 1936.

In the case of **State ex Fulton v Bremer**, 130 Oh St 227, 4 O.O. 242, decided on December 4, 1935, in which it was held that a suit on a rejected claim must be brought within two months after its rejection was an additional danger signal which should have put counsel on guard. In spite of these warnings the application praying for an order reinstating the claim was not filed in the Greene County Probate Court until April 30, 1937.

In the case of Fulton v Bremer, supra, it is held that where a claim for stockholder's liability is presented by the superintendent and rejected, and the superintendent does not, within two months thereafter, commence his suit for recovery against such personal representative he is forever barred from maintaining action thereon.

Judge Stephenson states:

"Whatever may be said, this is a claim against an estate and it must be duly presented for allowance ' or rejection unless such claim is beyond the pale of statute requiring such presentation."

The whole matter is cleared by the case of **Beach v Mizner**, 130 Oh St 463, 5 O.O. 68, where it is held that §§10509-112 and 10509-134, GC, must be construed together and are statutes of limitation, ▌ which bar creditors' claims unless presented to the administrator within four months after the date of the appointment. A claim similar to that here under investigation was involved. The decision seems clearly to answer plaintiff's argument to the contrary as presented in his brief.

We finally arrive at the point of considering the provisions of §10509-134, GC, which provides that upon petition filed by a creditor whose claim has not been presented within the time prescribed by law, the Probate Court, if it is of the opinion that justice and equity so require and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim.

The Supreme Court in commenting upon this section in Beach v Mizner, states:

"Furthermore no hardship should result from this construction inasmuch as the Probate Court is invested with a discretion sufficienly broad to insure the allowance of any meritorious petition and at the same time prevent unnecessary delay."

Before the Probate Court may permit the filing of such a claim, it must be of the opinion (1) that justice and equity so require and (2) that the petitioner is not chargeable with culpable neglect. In this case the Probate Court found that justice and equity did not require the filing of the claim and that the petitioner, is chargeable with culpable neglect. ▌ The power to make such a finding being within the discretion vested in the Probate Court there is no authority in this court to set aside the finding unless there has been an abuse of such discretion and we do not find that the court, under the circumstances of this case, had abused the discretion reposed in it. That matter is so well set out in the decision of the Probate Judge that we refrain from further comment. The Supreme Court has said that the

428

Probate Court is invested with a discretion sufficiently broad to insure the allowance of meritorious petitions and it follows that it is invested with the like discretion to refuse the filing of those without merit.

We can readily foresee the confusion that may arise if the allowance or rejection of the petition is a matter of discretion reposed in the Probate Court in that the Probate Judge of one county may, in his discretion deny the petitioner the right to file his claim and the Probate Court of another county, under similar or almost identical circumstances permit the petitioner to file a claim, thus giving rise to regrettable confusion.

In Re, Estate of Weimer, 8 O.O. 314, (23 Abs 636), under quite similar circumstances disclosed by the case at bar the Probate Court of Montgomery County found that the petitioner was not chargeable with culpable neglect in failing to file his claim within the prescribed time and permitting its filing.

We do not wish to comment upon the order of the Montgomery County Probate Judge but simply refer to his action as demonstrative of the difficulty that will arise if Probate Courts are permitted to file or reject petitions in the exercise of sound discretion.

We are of the opinion that the probate judge of Greene County in the case at bar committed no error in denying to the petitioners the right to file their claims. This opinion was written before the strongly supporting cases:

State ex Fulton v Coburn, 133 Oh St 192; 10 O.O. 249, Christopher v Brusseblack. (U. S Supreme Court) 58 Supreme Ct. Rep. 350.

Judgment of the Probate Court affirmed.

BARNES, PJ, and HORNBECK, J, concur.