**WEIMER, ESTATE OF, In Re
PARROTT, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Montgomery Co

Nos 1463 & 1470. Decided Feb 23, 1938

Legler & Murray, Dayton, for appellees in case No. 1463.

H. P. Williamson & A. P. Mercer, Dayton for Weimer Estate in case No. 1463.

Legler & Murray, Dayton, for appellees in case No. 1470.

Roy G. Fitzgerald, Jr., Dayton, for Parrott estate in case No. 1470.

## OPINION

By THE COURT

The above entitled cases are now being determined on error proceedings by virtue of separate appeals from the Probate Court of Montgomery County, Ohio.

The questions raised are identical in each of the cases and therefore are joined for the purpose of opinion only. Decedent, George W. Weimer, died February 10, 1933, and administration was taken out March 1st, 1933.

The decedent, Frances I. Parrott, died July 13, 1934, and administration of her estate was issued July 19, 1934. Both decedents during their lifetime owned stock in the Chicago Joint Stock Land Bank of Chicago, Illinois. By virtue of the law under which land banks were organized there existed a contingent liability in a sum equal to the par value of the stock.

On October 1st, 1932, the Federal Farm Loan Board under authority of law declared the Chicago Joint Stock Land Bank insolvent and took over its assets for liquidation. Stockholders of the Chicago Joint Stock Land Bank reside in many states of the Union although probably the greater portion of such stockholders held their residence in Illinois. On October 1st, 1932, certain creditors of the said land bank filed in the United States District Court for Illinois a petition praying judgment for 100% of the par value of the stock held by the various stockholders. Service of summons was issued and service was attempted to be had on all stockholders residing in the state of Illinois. Other stockholders residing in other states were named as party defendants, but were not served with summons. The defendants Weimer and Parrott were in the class not served with summons. This case in the Federal Court was not decided until August 5, 1935 at which time the United States District Court of Illinois rendered a judgment against all stockholders of the Chicago Joint Stock Land Bank upon whom service of summons had been had and who were before the court, for 100% of the par value of said stock.

Three days thereafter on the 8th day of August, 1935, creditors commenced an action in the United States District Court for the Southern District of Ohio, Western Division, against the known Ohio stockholders, and included as defendants were Weimer and Parrott or their personal representatives.

Claims had not been presented to the administrator or executor of the respective estates. The four months period prescribed under the Code, §10509-112 GC for presentation of claims had expired. On April 28, 1937, separate proceedings were commenced in the Probate Court of Montgomery County praying for reinstatement of claim. This procedure is claimed to be authorized, under §10509-134 GC. The creditors named on behalf of themselves and all other creditors instituted the proceeding by filing a petition in which was set out substantive facts through which would arise the double liability. Thereafter followed in the petition under paragraphs 1, 2, 3 and 4, the claimed reasons for the failure to present the claims to the representatives of the estate for allowance within the time prescribed by law. We quote these in full:

"1. That the right to proceed against the individual stockholders of Chicago Joint Stock Land Bank did not accrue to petitioners until August 5, 1935, on which date a decree of assessment was entered by the District Court of Illinois, Eastern Division, in a cause entitled W. E. Brusselback, et v Chicago Joint Stock Land Bank, a corporation, et and numbered 12303 in equity upon the docket of said court.

"2. That the time prescribed by law for presentment had expired prior to said date.

"3. That the necessity for presentment under the above circumstances was not determined until a recent decision of the Supreme Court of this state

"4. That the filing of Bill in Equity, No. 393, in the United States District Court, Southern District of Ohio, entitled W. E. Brusselback, et v Herman D. Arnovitz on August 8, 1935, by plaintiffs herein constituted a presentment of this claim."

Answers were filed by the respective representatives of both estates and of course in separate proceedings. The answers specifically raised the question as to when the cause of action against the Ohio stockholders arose, it being the claim and contention of the defendants that it arose, if at all, on October 1st, 1932, at which time the Federal Farm Land Board declared the Land Bank insolvent, and not on the 5th day of August, 1935, at the time of the final decree in the United States District Court of Illinois.

Upon hearing in the Probate Court the petitioners were granted leave to present claim as provided under §10509-34 GC.

This is the final order from which error is prosecuted in this court.

It is ascertainable that the Probate Court in part at least predicated his finding on his conclusion that the right of action in Ohio accrued on the 5th day of August, 1935.

In the action in the United States District Court of Ohio, Southern Division, against the Ohio stockholders the District Court dismissed the action on the ground that the petition failed to state a cause of action. The petition had merely set out the finding and decree of the United States District Court of Illinois as the only averment on the question of insolvency. The United States Circuit Court of Appeals reversed the District Court and remanded the case. The action was then taken to the United States Supreme Court and on January 3rd of this year that court reversed the Circuit Court of Appeals. The entire text of the decision is available through the advance sheets. We have examined this opinion with care and find that it is the holding of the United States Supreme Court that it is necessary that the petition aver insolvency and the other requisites to the added stockholders' liability. As we view it this case establishes the accrual date of the right of action as October 1st, 1932, being the date upon which the Federal Farm Loan Board declared the Chicago Joint Stock Land Bank insolvent.

By reason of this decision of the United States Supreme Court it is now definitely determined that the Probate Court acted upon a false premise as to the time when the cause of action against the Ohio stockholders arose. This was our conclusion in the Matter of the **Estate of Sally Christopher** (Greene County) **(26 Abs 422)** arrived at before the announcement of the above opinion of the Supreme Court.

The case of **State ex Fulton, Supt. of Banks v Coburn,** et 133 Oh St 192, appearing in Ohio State Bar Association report under date of January 24, 1938, is now before us, but was not available at the time of the decision by the Probate Court.

The first syllabus reads as follows:

"1. Subject to the limitations therein prescribed, §10509-134, GC confers broad discretion upon the Probate Court to permit or deny a petitioner the right to file his claim for allowance, where such claim has not been presented to an administrator or executor within the time prescribed by law."

Our court had arrived at a like conclusion in the case of "In the **Matter of the Estate of Sally Christopher,** deceased, No. 346, Greene County" (unreported, opinion filed Feb. 1936) **(Prob. Ct. 24 Abs 245, OA 26 Abs 422).**

The question involved being primarily within a discretion of the Probate Court and it being apparent that the trial court acted upon a wrong premise, we doubt the propriety of a reviewing court making what would be an original determination under the premise as now established through the decision of the United States Supreme Court, supra.

We have concluded to remand the cause to the Probate Court with instructions to re-hear or re-determine the case on the established theory that the cause of action against the Ohio stockholders accrued October 1st, 1932.

Of course the Court will have available for study the several cases heretofore refererd to.

Cause remanded and the costs in this court adjudged against the petitioners.

BARNES, P. J., HORNBECK and GEIGER, J. J., concur.