## HOLMBERG, et v THIRD NATIONAL BANK & TRUST COMPANY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1464. Decided Feb 26, 1938

Taft, Stettinius & Hollister, Cincinnati, Wm. P. Patterson, Dayton, for Plaintiffs-Appellants.

H. P. Williamson, Dayton, A. P. Mercer, Dayton, for Defendant-Appellee.

## OPINION

By GEIGER, J.

This case is before this Court on appeal on questions of law. The pleadings are voluminous and we shall endeavor to state the issues as briefly as possible.

The amended petition alleges that the action is brought on behalf of the plaintiff and all other creditors of the Southern Minnesota Joint Stock Land Bank of Minneapolis against the Third National Bank and Trust Company as executor of the estate of George W. Weimer, deceased; that Weimer was, on the 2nd day of May, 1932, the owner of 36 shares of the capital stock of said bank and continued to be the owner thereof until the time of his death; that the trust company was appointed his executor on the first of March, 1933; that the land bank was organized under an act of Congress with a capital stock of $3,000,-000.00; that the Farm Loan Act provides that shareholders of every Joint Stock Land Bank organized under the law shall be held individually responsible, equally and ratably, and not one for another for all debts of the bank to the extent of the amount of stock owned by them; that on the 2nd day of May, 1932, the Federal Farm Loan Board declared the Land Bank to be insolvent and appointed a receiver; that on the 28th day of July, 1932, the plaintiffs on their own behalf and on behalf of all creditors, filed in the District Court of Minnesota their Bill against the Bank and against all stockholders alleging facts showing the insolvency of the bank and the necessity for assessments to the full extent of the double liability provided for by the loan act and praying for a decree that each and every person who on the 2nd of May was a stockholder be held individually responsible for a sum equal to the par value of their stock.

It is further recited that the District Court found in favor of plaintiffs in accordance with their petition and the petition sets up in detail the decree of said District Court showing, among other things, the appointment of a receiver with power to enforce the assessment declared and levied upon each of the stockholders including those not personally served; and that the right to recover upon said assessment be lodged in such receiver with full power to sue for such assessment in any appropriate court where the stockholders may be residents; that all creditors be restrained from instituting any other proceeding seeking to enforce the liability. The decree was to the further effect that if the defendants who have been personally served or who have appeared and against whom recovery is specifically decreed fail to pay the amount of the assessment, an execution shall issue.

The petition then alleges that there is due from the Third National Bank and Trust Company as executor, to the plaintiff on their behalf and on behalf of all creditors 100% of the par value of the stock held by the defendant, towit, $3600.00, for which amount plaintiffs pray judgment.

An answer and cross petition of Irvin J. Friede, Receiver, was filed setting up sub-

stantially the same matter as plead in the plaintiff's petition.

The defendant, The Third National Bank and Trust Company as executor of the estate of Weimer demurred to the amended answer and cross petition of Friede, Receiver, for the reason that the Court had no jurisdiction of the subject and the defendant receiver has no legal capacity to bring the action and that the facts stated do not constitute a cause of action.

A similar demurrer was filed to the plaintiffs' amended petition. The court below sustained the demurrer to the answer and cross petition of Friede, Receiver, but overruled the demurrer to the amended petition of the plaintiffs.

Thereupon the Third National Bank, executor of Weimer, answered admitting the proceedings by which the Farm Bank was declared insolvent in May 1932 and that the plaintiffs filed a Bill of Equity in the District Court of Minnesota praying for a judgment against the stockholders; that in said bill George W. Weimer, now deceased, was named as a party defendant and judgment was prayed against him and that the court made an order permitting service by publication.

It is alleged that the plaintiffs did not April, 1935, the District Court rendered judgment pro confesso against the stockholders who had been served personally or entered appearance. It is alleged that on May 2, 1932, the Farm Loan Board declared the Land Bank insolvent and that thereupon an action to enforce stockholder's liability accrued against Weimer, then living, and that while still living the plaintiffs filed their Bill in Equity in the District Court of Minnesota against Weimer praying a judgment and that thereafter on the 10th of February, 1933, without personal service being had upon him, Weimer died and that on March 1, 1933, the defendant was appointed executor of Weimer.

It is alleged that the plaintiffs did not present a claim to the executor within four months after the appointment of the executor and that the executor was given no opportunity to allow or reject said claim as provided by §10509-112 et seq; that the claim set forth in the plaintiffs' petition accrued on the 2nd day of May, 1932, and was not presented to the executor and not disputed or rejected by it and that the plaintiff did not commence suit within two months as provided in §10509-113, GC, and was not exhibited to the executor or rejected by him and that no action was be-

gun as provided in §10509-138 and that the plaintiffs have not filed a petition with the Probate Court for permission to file the claim as prescribed by §10509-134 GC. Defendant prays that the amended petition be dismissed.

On a later date a reply was filed by the plaintiff stating that on the 7th day of June, 1935, the claim set forth in the amended petition was presented by plaintiffs to the defendant as executor, which was on said day rejected.

At a later date the trust company, executor, filed a motion that the court render judgment for the defendant on the pleadings for the reason that the pleadings do not give the plaintiffs the right to recover. This motion was sustained by the court and the plaintiffs' action dismissed.

An application for rehearing was made by the plaintiffs and overruled and notice of appeal given.

This cause was heretofore before this Court on the question of a demurrer to the answer and cross petition of the receiver and a decision was rendered on that, which is familiar to counsel. This court there pointed out that under the decision of **Wheeler v Green** 280 U. S., 49, the receiver was without authority to bring the action. It was also there held that before a creditor may sue an executor, the claim must have been presented to the executor for allowance within the statutory period.

There is no allegation in the amended petition of the creditors that the claim was presented for allowance. When the matter came on for hearing upon the demurrer to the petition of the creditors, the demurrer was overruled and an answer filed setting up the facts as to the death of the decedent and the appointment of the executor and the failure of the plaintiffs to present a claim within four months after appointment.

The plaintiffs in their reply state that on the 17th of June, 1935, it was presented to the executor and rejected. The executor having been appointed on March 1, 1933, the presentation of the claim on the 17th day of June, 1935, was not within time and there is no allegation of the reinstatement of the barred claim under the provisions of §10509-134 GC.

We do not deem it of value to discuss at length the question as to the requirement that a creditor shall first present his claim to the executor for allowance or rejection before bringing his cause of action. This has long been the settled law of Ohio

and the rule has recently been applied to stockholders' liability. **State ex rel Fulton, Supt. of Banks v Coburn et al,** 133 Oh St 192, Bar Association Report, January 24, 1938. **State ex rel v Bremer 130 Oh St 226.**

In the case of Christopher v Brusselback, decided January 3, 1938, by the United States Supreme Court, 58 Sup. Ct. Rep., 350, involving like questions, it is held that a judicial determination of the liability of a bank to pay its debts, the amount to be assessed against the stockholders are essential parts of a cause of action against the stockholders and the existence and extent of insolvency are facts which must be alleged and proved unless as between the parties they are matters already adjudicated. There is no allegation in the plaintiff's petition in reference to the insolvency of the bank and the necessity of a stockholders' assessment nor any showing as to the amount of the assessment necessary to discharge the bank's obligations other than appears from allegations in reference to the finding of the Court in the Minnesota case in which the defendant had not been personally served, which are not sufficient allegations in the present action. The failure of the plaintiffs to make his necessary allegation is fatal to their petition.

Some stress was laid by the Court below on the fact that plaintiffs were enjoined by the Minnesota Court from bringing similar proceedings against the stockholders. In that order the exclusive right to bring such action was reposed in the Receiver. However, the Court in Wheeler v Green holds that the Receiver has no right to bring such action and therefore the giving of such right exclusively to him is a nullity.

We do not understand that a court in a foreign jurisdiction can take from creditors who are not then in court a right to bring an action asserting their claims against defendants in a foreign jurisdiction.

The other reasons for our conclusion rest on so much firmer ground that we do not think it necessary to base our conclusion upon an order made in Minnesota restraining creditors from proceeding against stockholders.

Counsel for plaintiff take the position that inasmuch as their reply contains an allegation to the effect that the claim sued upon was presented to the executor on July 17, 1935, and on that date rejected, removes

the petition from the condemnation of this Court of the answer and cross petition of the receiver. We do not so understand the matter. The plaintiff has simply sought to correct a fatal omission by filing a reply to the effect that a claim was finally presented to the executor and rejected by him. This reply shows on its face that it was not presented within the time provided by the statute. To make a demurrable petition good simply by making an allegation which in itselff does not state a cause of action or correct the defect of the petition will not prevent a judgment upon the pleadings. The court has a right to consider all the pleadings and determine whether or not the allegations fail to state a cause of action. If the plaintiff could by his reply bring himself within the statutory period for filing a claim against decedent's estate or could show that his claim, if barred, has been reinstated by proper proceedings in Probate Court, another question would be presented.

A somewhat similar situation occurred in State ex rel v Coburn, supra, where the court says on page 201:

"Failure to follow a prior demand with an action in the Court of Common Pleas does not clothe the petitioner with the right to file a new demand merely for the purpose of filing a later action thereon where the limitation period has already expired."

So here, failure to allege in the amended petition that the claim has been presented and rejected does not clothe the petitioners with the right, by way of reply, to rely on such an allegation merely for the purpose of correcting a defect in their petition where the limitation period for filing the claim has already expired, as shown by the pleading.

## WHEN DID THE CAUSE OF ACTION ACCRUE?

The question as to when a cause of action on stockholders' liability arose against the decedent has been touched upon but not stressed. We have in another case, after careful examination, determined that a stockholder's liability begins when the corporation has by some competent tribunal been declared insolvent.

The petition alleges that on the 2nd day of May, 1932, the Federal Farm Loan

Board, acting under the authority conveyed in the act, declared the Land Bank to be insolvent. It follows from this, in our judgment, that the right of action on stockholders' liability dates from the 2nd of May, 1932 and what may have happened subsequent to that day to delay the bringing of such an action did not toll the statute and the date of the liability was not controlled by any subsequent actions of the creditors or of any other Court exercising jurisdiction over the Bank. Any creditor may have then begun an action against Weimer, if living, and if dying subsequent to that time, might have filed a claim based upon statutory liability with his executor.

The fact that the creditors did not file their claim promptly is a matter that may be considered by the Probate Judge when an application is made or heard to determine whether or not the claim should be reinstated.

We therefore reach the conclusion that the plaintiffs having failed to file their claim with the executor within the statutory time and having failed to have it reinstated through the Probate Court and further having failed to allege in their petition against the executor the insolvency of the bank, that the action in the court below in dismissing the plaintiffs' petition should be sustained.

Since writing the above we have been favored with the second supplemental brief for appellants, which we have read with care.

It does not seem to us to call for the modification of our judgment reached before this brief was filed. In our judgment, we have met the claims of counsel now asserted in the opinion as written.

Our reasons therefore are somewhat more elaborately stated in the case of **In Re Estate Christopher,** from Greene County, (24 Abs 245, 26 Abs 422) which will soon be available for counsel's examination.

Judgment sustained. Cause remanded.

BARNES, PJ and HORNBECK, J, concur.