Richards, J.
In the court of common pleas The Equitable Life Assurance Society commenced an action for the foreclosure of a mortgage of $137,000 executed by The Walbridge Building Company. Among the defendants was a corporation known as The Nasby Build'ing Company, which latter company had become the lessee of the premises involved, known as The Nasby Building in the City of Toledo, for a period of 99 years from the 1st day of January, 1909. The *105 Walbridge Building Company filed a cross-petition setting up, among other things, that the lessee, The Nasby Building Company, had obligated itself to make the payments provided for in the mortgage already mentioned, and in addition had agreed by an unsecured obligation to pay to The Walbridge Building Company the sum of $13,000, and had agreed to pay also, in installments, certain rent for the premises. The Walbridge Building Company further averred that The Nasby Building Company was in default on making sundry of these payments upon the mortgage and on the rent, and was also in default in failing to make the payment of the $13,000 indebtedness. A receiver was appointed in the court of common pleas, who-took charge of and has been collecting the rent on the premises. Thereafter The Walbridge Building Company filed an amended and supplemental cross-petition making many of the same averments contained in its original cross-petition, and in addition thereto certain other averments showing that it was entitled to the possession of the premises in controversy, and praying that the lease and all the rights and interest of The Nasby Building Company under the same be declared forfeited, and possession awarded to the cross-petitioner. To this last pleading The Nasby Building Company filed an answer admitting substantially all of the material averments contained in the amended and supplemental cross-petition, . and denying other averments, and concluded its pleading by allegations of fraudulent representations on the part of The Walbridge Building Company, which *106 induced The Nasby Building Company to enter into the lease made in December, 1908. The Nasby Building Company avers that by reason of these fraudulent representations it has been damaged in the sum of $135,000 for which amount it asks a finding and judgment against The Walbridge Building Company.
■ Numerous motions and demurrers were made and disposed of in the court of common pleas, and thereupon The Walbridge Building Company moved for judgment in its favor against The Nasby Building Company upon the pleadings, which motion was, on consideration, granted by the trial court and a judgment rendered excluding The Nasby Building Company from the possession of the real estate in controversy and awarding the same to The Walbridge Building Company “free and clear of any and all claims of said, The Nasby Building Company, on account of any of the matters and things set forth in the pleadings heretofore filed herein.” To this judgment The Nasby Building Company prosecutes error.
It is insisted that the judgment of the trial court is wrong for the reason that The Walbridge Building Company having in its original cross-petition elected to demand payment of the rent which had accrued, and having procured the appointment of a receiver who had taken possession of the property, had thereby waived the right to insist on a forfeiture of the lease and to recover possession of the premises by reason of default in making the payments stipulated therein. We can not accede to this contention. This branch of the case is within the principles announced by Judge *107 Hoadly in the case of Campbell v. McElevey et al., 2 Disney, 574, and does not fall within the terms of Owens et al. v. Hickman et al., 2 Disney, 471. The receiver is simply collecting the rent and holding the same subject to the order of the court.
Counsel further insist that the cross-petitioner is not entitled to recover the premises because of failure to make demand and give proper notice to justify a forfeiture of the lease. It is a sufficient answer to this contention that the lease itself waives these requirements, and those provisions we hold to be valid.
The most important question in this case is the one raised as to the application of the statute of limitations to the contention made by The Nasby Building Company, that the lease was induced by means of fraudulent representations of The Walbridge Building Company. Those representations, whatever they were, appear to have been made in December, 1908. The petition for the foreclosure of the mortgage in this case was filed in April, 1915, and the amended and supplemental cross-petition of The Walbridge Building Company was filed on August 21, 1915. The Walbridge Building Company by reply sets up the statute of limitations of four years, and insists that any claim made on account of fraudulent representations is barred by that statute. The court of common pleas sustained this contention and for that reason entered the judgment already stated. It will be noted from the pleading filed by The Nasby Building Company that it does not ask for the cancellation or rescission of the lease by reason of the claimed fraudulent representations, but *108 asks only for damages resulting to it by reason of such claimed fraud. The principle of law that defenses are held not to be barred by the statute of limitations is one which is well established by the authorities and is founded on reason. The rule is succinctly stated in 17 R. C. L., 745, and in 25 Cyc., 1063, and is applied in Hart v. Church, 126 Cal., 471; Butler v. Carpenter, 163 Mo., 597; Williamson v. Brown, 195 Mo., 313, and in Pinkham v. Pinkham et al., 60 Neb., 600, 611. Manifestly the purpose of the statute of limitations is, as has been well said, to bar actions and not to suppress or deny matters of defense whether equitable or legal.
The lease provides not only for the payment of rent, but contains appropriate provisions for the payment of the mortgage indebtedness held by The Equitable Life Assurance Society, and the allegations of the pleadings show that the defendant, The Nasby Building Company, violated its obligation in that regard as well as its obligation to pay the rent and the unsecured indebtedness of $13,000 to The Walbridge Building Company.
In view of the fact that The Nasby Building Company does not claim a rescission or cancellation of the lease on account of the alleged fraud, but seeks only to recoup damages by reason thereof, if the judgment in the court of common pleas had proceeded only to the extent of- adjudging that The Walbridge Building Company was entitled to the possession of the premises it would be free from prejudicial error; but it goes much farther than simply to adjudge the possession of the premises of that company, and decides that *109 that company shall hold the premises free and clear of all claims of The Nasby Building Company on account of the matters averred in the pleadings. We have already seen that as to some of these claims the claim for damages set up by The Nasby Building Company is purely defensive, and is not barred by the statute of limitations.
The judgment will be reversed and the cause remanded for further proceedings according to law.
Judgment reversed, and cause remanded.
Chittenden and Kinkade, JJ., concur.