WEBER, APPELLEE, *v.* KOHN, EXRX., ET AL., APPELLANTS.

(Decided May 9, 1938.)

*Mr. Clarence J. Applegate,* for appellee.

*Messrs. Ritter & Daugherty, Messrs. Fraser, Effler, Shumaker & Winn* and *Messrs. Denman, Miller & Beatty,* for appellants.

CARPENTER, J. In the lower court, trial by jury was waived and the plaintiff recovered a judgment against the defendant's estate for the full amount of his claim. The estate appealed on questions of law.

June 15, 1922, plaintiff, John Weber, traded some real estate to Samuel Kohn for some industrial bonds. Kohn gave Weber a written guaranty that the bonds would be paid when due. Part of the bonds were paid, but a block of the bonds of the face value of $18,000 were not paid when they matured February 1, 1930, and shortly thereafter a prior mortgage lien on the property of the obligor corporation was foreclosed and all of its assets were sold February 11, 1931. No money was realized from this sale to apply on these bonds and the corporate charter was cancelled.

January 2, 1927, Samuel Kohn died testate and his widow, Lucy B. Kohn, and his son, Ralph S. Kohn, were appointed executors of his estate. On the maturity of the bonds, February 1, 1930, and for some time thereafter, various conversations were had between Ralph S. Kohn and the attorney for the estate and an attorney for Weber regarding the payment of the bonds, and efforts, which were being made to collect them from the obligor or to aid it in efforts to refinance them, all failed and ended with the sale in foreclosure in February, 1931.

April 7, 1931, Weber's claim in writing against the estate for the amount due on the bonds was presented to the executors and was formally rejected, and it was again presented and rejected July 11, 1931, and July 15, 1931, petition herein was filed by Weber asking judgment against the estate for the amount due upon the bonds.

The sole defense that has ever been made to this claim is the statute of limitations, the claim being that it was not presented to the executors for allowance within six months of the time the bonds were defaulted and the Kohn obligation accrued to Weber under the guaranty contract, such presentation being required by Section 10749, General Code, as then in effect.

The claim made in behalf of Weber is that there was an oral presentation of the claim to Ralph S. Kohn as one of the executors in February, 1930, and thereafter to him and the attorney for the estate and that the claim was not disputed or rejected, but was in fact allowed by the estate, and that such allowance continued until April 7, 1931, when it was formally rejected and this action was commenced July 15, 1931, less than six months after such rejection and within the time required by Sections 10746 and 10722, General Code.

The fact issues which were before the trial court can best be expressed in two questions:

1. Was there an oral presentation of plaintiff's claim to the estate within six months after February 1, 1930? And if so,

2. Did the estate either

(a) allow the claim or

(b) was the conduct of the executors and their attorney such as to lead the plaintiff to believe his claim was allowed and thereby now estop the estate from disputing such allowance?

The law did not prescribe the form or the manner in which a claim should be presented to the representatives of an estate, nor did it provide exactly how the allowance should be made. *Miller* v. *Ewing, Admr.,* 68 Ohio St., 176, 67 N. E., 292. The representative could demand formal proof of the claim and in that event Section 10717, General Code, provided how such proof should be made. It is not claimed that any such

demand was made in this case; in fact, the evidence tends strongly to show that both executors knew about the contract between the decedent and Weber and just what his claim was.

The evidence as to the conversations between the representatives of the parties which were had in the year following the default on the bonds is quite extensive and conflicting and this court cannot say that the finding of the trial court that the claim was presented and allowed is manifestly against the weight of the evidence. It does appear that all parties were hoping and striving to have the bonds paid by the obligor.

If the claim was presented and allowed, the statute of limitations did not run against it after such allowance until it was later disallowed. *Speidel, Admr.*, v. *Phillips*, 78 Ohio St., 194, 85 N. E., 53; *Bray* v. *Darby, Admr.*, 82 Ohio St., 47, 91 N. E., 861.

The court finds the other errors assigned by the appellant either cannot be sustained or were not prejudicial. Finding no prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

LLOYD and OVERMYER, JJ., concur.