BENSON, ADMX., APPELLEE, *v.* ROSINE, APPELLANT.

(No. 4110—Decided June 11, 1945.)

*Mr. Mark Winchester,* for appellee.
*Mr. Faber J. Drukenbrod* and *Mr. Dudley F. Smith,* for appellant.

CARPENTER, J. On sustaining a demurrer to a third amended cross-petition, the trial court dismissed it,

and from that judgment this appeal on questions of law was taken.

The petition alleged that on March 29, 1944, the plaintiff, Helen Benson, was appointed administratrix of the estate of Russell Benson, who died on March 24, 1944. As such, she brought this action to recover $3,685.65 which she claims was the balance due to the estate from the defendant on a contract made on June 1, 1943, between her decedent and the defendant whereby Benson sold to the defendant "his business, equipment and franchise for the distribution of a soft drink known as 'Seven-Up' " in Toledo and vicinity. The purchase price was $11,500.

The answer, filed on May 10, 1944, admitted the contract, but alleged that in some details it was not performed by Benson and that defendant had paid $3,000 more than the value of the property he had received. By cross-petition, he asked a judgment for that amount.

On June 3, 1944, an amended answer and a cross-petition were filed. That answer admitted the making of the contract and alleged that Benson had misrepresented the volume of the business, and had failed to deliver the franchise for the territory and certain equipment. The cross-petition alleged that defendant had paid $9,066.07 of the purchase price and that he had been damaged $5,000 by reason of the failure to receive the franchise; $2,525 by the misrepresentation as to the number of customers; $345 as to the value of the equity in the real estate; and $170 by delay in the delivery of a truck included in the deal. For all of this he asked judgment for $8,040 as damages.

A demurrer to the amended cross-petition was sustained for the reason that it did not allege the claim contained therein against the estate had been presented to the administratrix within four months of her

appointment as required by Section 10509-112, General Code.

A second and a third amended cross-petition alleged substantially the same claims, and alleged further that the answer and cross-petition filed on May 10, 1944, was a presentation of the claim to the administratrix, and that on November 29, 1944, defendant had made demand in writing on the administratrix to allow the claim within five days, which she failed to do.

Demurrers to each of these were sustained for the same reason the demurrer was sustained to the amended cross-petition, and defendant not wishing to try again, the third amended cross-petition was dismissed.

That judgment was based upon certain sections of the Probate Code, the material parts of them being as follows:

Section 10509-112, General Code:

"All claimants shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator. Every claim presented hereunder shall set forth the claimant's address. In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims within thirty days after their presentation; * * *"

Section 10509-113, General Code:

"The executor or administrator shall reject a claim by giving the claimant written notice of the disallowance thereof * * *. A claim shall be deemed rejected if the executor or administrator, on demand in writing

by the claimant for an allowance thereof within five days * * * fails to give to the claimant, within such period, a written statement of the allowance of such claim. * * *"

Section 10509-133, General Code:

."When a claim against an estate has been rejected in whole or in part, but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim or that part thereof rejected, within two months after such rejection * * * or be forever barred from maintaining an action thereon; * * *."

The defendant contends that his cross-petition and amended cross-petition, both of which were filed within four months of the appointment of the administratrix, constituted a compliance with Section 10509-112, General Code. This would put "the cart before the horse." The presentation of the claim and its rejection are conditions precedent to the bringing of the action, and the assertion of the claim on a cross-petition for a judgment was a bringing of an action. The court did not err in sustaining the demurrer to the cross-petition as such.

But this did not dispose of the only problem in the matter. Although the defendant's claim as stated in his third amended cross-petition was not available to him for an independent judgment against the estate, could it stand as an affirmative defense to all or any part of plaintiff's claim?

Section 11345, General Code, requires that "The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

If the third amended cross-petition could not stand as such, it did state a cross-demand as described in

Section 11321, General Code, and "with a view to substantial justice between the parties," defendant was entitled to have it so regarded.

Paragraph one of the syllabus in *City of Cincinnati* v. *Cameron,* 33 Ohio St., 336, says:

"The character of a pleading is determined by the averments it contains and not by the name given to it * * *."

Following that authority, the Court of Appeals in *Continental Automobile Mutual Ins. Co.* v. *Morton,* 23 Ohio Law Abs., 311, treated as a counterclaim a cross-petition which, like this one, alleged a claim "arising out of the transactions set forth in the petition as the foundation of plaintiff's claim." In *Virginian Joint Stock Land Bank* v. *Null,* 21 Ohio Law Abs., 471, another Court of Appeals, and in *McClaskey* v. *Barr,* 48 F., 130, 137, an Ohio Federal Circuit Court likewise applied the principle laid down in *City of Cincinnati* v. *Cameron, supra.*

Looking to the cross-demand statute, Section 11321, General Code, it says:

"When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

In other words, to whatever extent the claims of the defendant equalled those of the plaintiff, they "must be deemed compensated."

"Defenses are not barred by the statute of limitations, and cross-demands must be deemed compensated as soon as they mature insofar as they are equal to

each other." *In re Estate of Butler,* 137 Ohio St., 96, paragraph five of syllabus, 28 N. E. (2d), 186; *Nasby Bldg. Co.* v. *Walbridge Bldg. Co.,* 6 Ohio App., 104, 108.

No reported decision in Ohio has given consideration to that statute as to unpresented claims against an estate, but in other states having that identical statute and similar probate laws, such cross-demands have been sanctioned as defenses to the extent they had extinguished or satisfied the estate's claim.

In *Huffman* v. *Wyrick,* 5 Ind. App., 183, 31 N. E., 823, the court commenting on this statute said, at page 824:

"This statute gives the right to the holder of any such claim to treat it as having liquidated an equal amount of the other claim upon the death of the holder of the latter. No one would question the right of the appellee, if he had actually paid the notes to the decedent during her lifetime, to plead such payment in this action, and the statute above quoted gave him the right to treat the notes as paid by his claim upon the death of the decedent. We think there is no question upon his right to plead and prove such constructive payment after the settlement of the estate. He was not entitled to judgment for the excess of his claim, and the court did not give him such judgment."

Another consideration is suggested in *Murphy* v. *Colton,* 4 Okla., 181, 44 P., 208, when the court said:

"Suppose the Coltons [defendants] considering the accounts were even, should have let the matter rest in that way as the parties no doubt would have done had McKennon lived, and the time for presenting claims against the estate had expired, and the estate had then sued the Coltons on the note. Could it be claimed that under these statutes they could not show that the note

was in fact settled by the account of McKennon due to them, and that it in fact had been settled long before McKennon's death? Such a position would be absurd as well as absolutely untenable, not only in the face of these statutes, which would protect rather than injure the Coltons, but without them.''

That decision was followed in *First Natl. Bank of Ada* v. *Jackson,* 140 Okla., 282, 283 P., 242, 68 A. L. R., 900.

In the recent case of *Dallas Dome Wyo. Oil Fields Co.* v. *Brooder,* 55 Wyo., 109, 97 P. (2d), 311, the Indiana and Oklahoma decisions were cited and followed.

While our cross-demand statute was not present in the following decisions as it was in those above cited, it was followed in principle in *Browning* v. *Eiken,* 189 Minn., 375, 249 N. W., 573; *McDonald* v. *McDonald,* 119 Wash., 396, 206 P., 23, and cases there cited.

Giving the defendant the benefit of the liberal construction and cross-demand statutes, the parties were each entitled to have their respective claims determined, and, to the extent the defendant could establish his claim up to the amount of that established by the plaintiff, he had the right to have plaintiff's claim ''deemed compensated.''

The Court of Common Pleas erred in sustaining the demurrer to and dismissing the third amended cross-petition, and its judgment is reversed and the cause is remanded to it for further proceedings in conformity with this opinion.

*Judgment reversed and cause remanded.*

STUART and CONN, JJ., concur.