NATIONAL-BEN FRANKLIN FIRE INS. CO. ET AL., APPELLEES, *v.* WOOLCOTT, APPELLANT.

(No. 4372—Decided May 31, 1949.)

*Messrs. Foster, Foster & Foster* and *Mr. William A. Finn,* for appellees.

*Mr. J. W. Starritt,* for appellant.

CARPENTER, J. This appeal on questions of law was taken from an order sustaining a demurrer to a cross-petition and a judgment dismissing it.

The action started as one for property damage allegedly caused by the negligence of the defendant in a collision of his automobile at a highway intersection with that of the plaintiff, Ernest Warner, with whom plaintiff, National-Ben Franklin Insurance Company, had a subrogation contract. Their petition was filed September 17, 1947.

November 29, 1947, plaintiff, Ernest Warner, died and Clara V. Warner was appointed administratrix of his estate. December 18, 1947, as such administratrix, she filed a motion to be substituted for her decedent herein and for an order reviving the cause, and it was granted the same day. August 24, 1948, the insurance company and the administratrix filed an amended petition which was identical with the petition except as the administratrix took the place of the decedent.

September 9, 1948, defendant filed his answer to the petition and with it his cross-petition for damages for personal injuries to himself and property damage to his automobile, both allegedly caused by the negligence of decedent, Ernest Warner, in the intersection collision of their automobiles. A general demurrer to the cross-petition was filed by the administratrix, and was sustained and the cross-petition dismissed because it did not allege that defendant's claim against the estate had been presented to the administratrix within four months of her appointment as required by Section 10509-112, General Code.

If presentation of such claim was required, that it was done must be alleged in an action therefor, or the cross-petition was subject to demurrer. *Beach, Recr.,* v. *Mizner, Exr.,* 131 Ohio St., 481, 3 N. E. (2d), 417.

Was presentation necessary? Defendant answers "No," and cites *Goehring* v. *Dillard,* 145 Ohio St., 41, 60 N. E. (2d), 704. In that case *the defendant* died

after the action was commenced and it was revived in the name of the administrator, and the court said presentation of that claim was not necessary. That was quite different from this. There the action was commenced before defendant died. The administrator knew all about the plaintiff's claim. Here, so far. as this record shows, no claim against the estate was mentioned until after the death of Ernest Warner.

When this cross-petition was filed it was strictly a claim against the estate and there existed every reason why it should have been presented to the administratrix for her allowance or rejection as provided by the statute, the purpose of which is to facilitate the prompt administration of estates.

In *Benson, Admx.*, v. *Rosine*, 76 Ohio App., 439, 64 N. E. (2d), 845, this court had before it a similar situation, only there the cross-petition was filed within four months of the appointment, and it was urged that it was a presentation of the claim. The decision was that the filing of the cross-petition was not a compliance with the claim statute and that the cross-petition could not stand as such. Following that precedent, and for the reasons stated herein, the judgment dismissing this cross-petition will be affirmed.

*Judgment affirmed.*

CONN and FESS, JJ., concur.