In re Estate of Andres, Sr.: Payne, Appellee,
v. Andres, Exrx., Appellant.

(No. 605—Decided April 6, 1961.)

*Messrs. Withrow & Hutton*, for appellee.
*Messrs. Miller & Finney*, for appellant.

Collier, J. Howard E. Payne, hereinafter referred to as the claimant, filed his petition in the Probate Court of Greene County, Ohio, under favor of Section 2117.07, Revised Code, seeking authority to present his claim against the estate of Edward A. Andres, Sr., deceased, after the statutory period as prescribed by Section 2117.06, Revised Code, to file such claim had expired. The claim is for unliquidated damages arising out of an automobile collision between an automobile operated by the claimant and an automobile being driven by the decedent.

After a hearing, the Probate Court authorized the claimant to present his claim to the executrix of the estate, and from that judgment the executrix has perfected an appeal on questions of law to this court.

The record discloses the following factual situation:

The collision occurred April 29, 1958, and, while negotiations for a settlement were in progress, Edward A. Andres, Sr., died on September 16, 1959. On October 4, 1959, Florence G. Payne, wife of the claimant, called Frances E. Andres, widow of the decedent, by telephone to complain about the progress of the negotiations for settlement and was informed by Mrs. Andres that her husband had died on September 16, 1959. On October 15, 1959, an application to probate the will of the decedent was filed in the Probate Court of Greene County, and on October 24, 1959, the will was admitted to probate. On October 24, 1959, Frances E. Andres, the widow, was appointed executrix, of which appointment the notice required by law was given. The only asset of the estate, as shown by the inventory, was a Chevrolet station wagon, valued at $1,325, title to which was transferred to Frances E. Andres, the widow. On December 11, 1959, an affidavit in lieu of a first and final account was filed, and the required notice of such filing was given. On February 24, 1960, the affidavit in lieu of the account was approved, the estate settled and the executrix discharged. All parties concerned are residents of Greene County, Ohio.

On April 12, 1960, the claimant filed his petition in the Probate Court for authority to present his claim to Frances E. Andres, as executrix, relying principally upon what he claims was a wrongful statement made by Frances E. Andres in a telephone conversation on October 4, 1959, with Florence G. Payne, wife of the claimant; that claimant, by reason of such wrongful statement was prevented from presenting his claim within the statutory period of four months.

Section 2117.06, Revised Code, provides that those who have claims against a decedent's estate shall present same to the executor or administrator within four months after the appointment of such executor or administrator. Section 2117.07, Revised Code, specifies the conditions under which the Probate Court may authorize the filing of a claim after the expiration of the statutory four-month period. The claimant, in the instant case, relies upon the condition set forth in subdivision (B) of this statute, which, so far as pertinent, reads as follows:

"(B) That the claimant's failure to present his claim * * * was due to any wrongful act or statement on the part of the executor or administrator or his attorney."

Section 2117.07, Revised Code, has been construed many times by the reviewing courts of Ohio but we do not consider it necessary to attempt an analysis of those decisions. The question for determination in this appeal is whether the evidence relating to the alleged wrongful statement made by Frances E. Andres on October 4, 1959, is sufficient to establish a condition to justify the contention that the claimant's failure to present his claim within the limitation fixed by Section 2117.06, Revised Code, was due to such alleged wrongful statement. To determine this question we must examine the record as it relates to the telephone conversation between the two women. The testimony of Florence G. Payne, wife of the claimant, as to the statement made by Mrs. Andres, is as follows:

"Q. Will you explain the emotional situation that led to the other statement that she made to you? A. Well, at the time she said that her husband was dead, my immediate reaction was, as anyone would, I felt sorry for her and expressed my sympathy, and then when I went on to the various other points, she went on to say she worked for this attorney and would take it up with him. She was very irate and very emotional and she said that I wasn't to bother her any further about the matter, that anything that had occurred between her husband and my husband was strictly a matter for the insurance company to settle, it was strictly up to them and she didn't want me to bother her, or my husband to bother her any longer."

Mrs. Andres' version of the conversation, as shown by her testimony, is as follows:

"A. Well, she called and told me who she was, and I, of course, had to refresh my memory. She told me, then, who she was, and I told her that my husband had died two weeks before, and she said, 'Well, that is too bad,' she said, 'We will have to sue his estate,' and I said, 'You can't do that,' and she said, or I told her, there wasn't enough in the estate to sue, and she said, 'Well, then, we will sue you,' and I said that I know you can't do, because I worked for lawyers for years, and I knew she couldn't do that, and I told her to please let me alone, and I hung up. In fact, I was in such a nervous state, someone calling me just two weeks after Ed passed away was terrible."

Also, in the testimony of Howard E. Payne, the claimant, he claims to have been misled by a statement of Mr. Bridgett,

representing an insurance company. The claimant's testimony is as follows:

"A. I was aware both by conversation, I would say, at a later date, December, both by conversation that my wife reported to me, her conversation with Mrs. Andres, and also a conversation from Mr. Bridgett, the insurance adjustor, who is a resident of Dayton, Ohio. He did not inform me, personally, but, again, he informed Mrs. Payne in that particular conversation not to bother Mrs. Andres, the insurance company's contract was valid, and that they would honor their contract regardless of the current situation."

Whether we construe Section 2117.07, Revised Code, liberally, as held in *In re Estate of Howe*, 107 Ohio App., 361, or strictly, as was stated by Judge Zimmerman in his concurring opinion in *Redifer Bus Co.* v. *Lumme, Admr.*, 171 Ohio St., 471, we are unable to find any untruthful, wrongful or misleading statement made by Frances E. Andres or Mr. Bridgett. Mr. Bridgett is simply quoted as saying that the contract of insurance was valid, and that the insurance company would honor its contract. There is no admission of liability or promise to pay damages in either statement. The evidence does not disclose any attempt by Mrs. Andres or the claim adjuster to lull the claimant into a sense of false security.

The authority to file a claim against a decedent's estate after the four-month period prescribed by Section 2117.06, Revised Code, must be in conformance with Section 2117.07, Revised Code, and cannot be predicated on general equitable principles outside the purview of the statute. *In re Estate of Natherson*, 102 Ohio App., 475.

The controlling facts in the instant case are that the claimant, who knew of the decedent's death and resided in the same county where the decedent resided, did not make inquiry about the appointment of an executor or an administrator of decedent's estate, failed to present his claim for allowance or rejection within the four-month period and has shown no facts or circumstances within the purview of statute that would justify his failure to present his claim as required by Section 2117.06, Revised Code.

Our conclusion is that the record contains no evidence to justify an authorization for the claimant to present his claim to

the executrix of decedent's estate. On the undisputed facts, as shown by the record, the judgment of the Probate Court should be, and hereby is, reversed and final judgment rendered for the executrix.

*Judgment reversed.*

KERNS and SHERER, JJ., concur.

COLLIER, J., of the Fourth Appellate District, sitting by designation in the Second Appellate District.