EVANS, Admr., Plaintiff, v. MAY et, Defendants.

Probate Court, Huron County.

No. 8435.

Mr. *Joseph F. Dush,* for plaintiff.
Messrs. *Thornton & Thornton,* for defendant, Lela Warner.

YOUNG, J. Plaintiff's decedent died December 28, 1957, in possession of certain real property, which she had occupied as a dwelling house. On February 14, 1958, the plaintiff was appointed administrator of his estate, and on May 8, 1959, he commenced an action to sell the real estate involved.

The defendant, Lela Warner, on July 15, 1959, filed an answer and cross-petition, and on February 16, 1960, filed an amended answer and cross-petition, the amended cross-petition asserting two causes of action.

The allegations of the first cause of action were to the effect that the defendant, Lela Warner, was the owner of an undivided five-sixteenths interest in and to the real estate described in the petition. There is no dispute concerning the truth of these allegations.

The controversy arises over the second cause of action, in

which the defendant, Lela Warner, alleges that from the 18th day of October, 1937, she and the plaintiff's decedent were tenants in common of the real estate described in the petition; that plaintiff's decedent made no payments or accountings to defendant for rent for the use of the property; and that a fair rental for the period of the occupancy by plaintiff's decedent was fifty dollars per month.

Plaintiff contends that as no claim for rents was presented to him as administrator within four months after his appointment, nor was any leave obtained from the Probate Court to file a claim for these rents after that time, the defendant's claim under her second cause of action is barred.

The cases of *West* v. *Weyer*, 46 Ohio St., 66 and *Cohen* v. *Cohen*, 157 Ohio St., 503, establishes the defendant's right to the reasonable rental value of her interest in the property which was occupied by her co-tenant. However, the decision of the Court of Appeals in *Cohen* v. *Cohen*, 89 Ohio App., 389, establishes that such claims are subject to the general statute of limitations applicable to open accounts. Although the decision of the Supreme Court reversed this decision of Court of Appeals, apparently there was no question of the correctness of that part of the decision of the Court of Appeals involving the statute of limitations. It should also be noted that on p. 509 of its opinion, the Supreme Court refers with approval to the decision of the Circuit Court in the earlier case of *West* v. *Weyer*, wherein the six-year limitation was applied to limit recovery.

It seems clear that the claim of the defendant, Lela Warner, not having been properly presented to the administrator, is barred by the provisions of Sections 2117.06 and 2117.07, Revised Code.

The defendant claims that she is excused from complying with the provisions of Section 2309.19, Revised Code, which provides that cross demands are not barred under certain circumstances, citing *Benson* v. *Rosine*, 76 Ohio App., 439, in support of this contention. However, the facts in that case in no way resemble the facts of the present case.

In the present case there is no claim of any sort by the decedent or her estate against the defendant Lela Warner. The

action is one to sell real estate in which both the decedent and the defendant had interests as tenants in common. By the second cause of action in her cross-petition, the defendant is seeking to recover money in an open account against the estate of the decedent. Not having presented this claim in accordance with the statutes, the defendant cannot commence action against the administrator upon it either directly or indirectly. The second cause of action must be dismissed.

An entry may be prepared accordingly.