Pearl HART, Plaintiff,

v.

Ross L. JOHNSTON, Administrator of the Estate of Melvin M. Hatley, Deceased, Defendant.

Civ. A. No. 6682.

United States District Court
S. D. Ohio, E. D.

March 4, 1966.

Thomas E. Cavendish, Charles E. Brant, Columbus, Ohio, for plaintiff.

Harold E. Gottlieb, Zanesville, Ohio, for defendant.

* For the Eastern District of Tennessee, sitting by designation and assignment.

NEESE, District Judge.*

■ This is an action on an alleged oral promise by the defendant's decedent to pay the plaintiff a sum of money. While jurisdiction is not disputed by either party, this Court is required to notice its jurisdiction on its own motion. McNutt v. General Motors &c Corp. (1939), 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135, 1141(3).

■ This Court has not acquired jurisdiction of this action to enforce payment to the plaintiff of the aforementioned sum of money unless there has been a timely presentation to and rejection by the defendant-administrator of the plaintiff's said claim against the estate of the defendant's decedent. Benson v. Rosine (1945), 76 Ohio App. 439, 64 N.E.2d 845; National-Ben Franklin Fire Ins. Co. v. Woolcott (1949), 86 Ohio App. 462, 464, 93 N.E.2d 31, " * * * The facts of presentation and rejection are a part of the cause of action without which the plaintiff cannot maintain the action. Or, if not thus presented [under O.R.C. section 2117.06], there is no cause of action without resort to [O.R.C. section 2117.07] for aid and reinstatement as therein provided. * * *" Beach v. Mizner (1935), 52 Ohio App. 348, 3 N.E.2d 642.

■ It is stipulated herein that the defendant was qualified as administrator of his decedent's estate by the Probate Court of Muskingum County, Ohio, on April 27, 1960, and that on September 11, 1961, the plaintiff filed an affidavit of her claim with the defendant-administrator (see Exhibit No. 19).[1] The plaintiff, as an alleged creditor of the estate of the defendant's decedent, was required to present her claim to the defendant-administrator in writing within four months after the appointment of the administrator. O.R.C. section 2117.06. The Court takes judicial notice of the fact that September 11, 1961, is not within four months after April 27, 1960.

[1.] It is undisputed that the defendant-administrator made a formal denial of the plaintiff's claim on April 29, 1963.

However, the plaintiff claims that within the requisite four-month period, the plaintiff complied with O.R.C. section 2117.06 through one William Gaab who was then either her agent or that of the defendant-administrator. Mr. Gaab was the accountant for the defendant's decedent, Melvin M. Hatley. When the Muskingum County Probate Court authorized the defendant to continue to operate his decedent's business, *viz.*, Hatley Harley-Davidson Motorcycle Sales, the defendant engaged Mr. Gaab to continue his former accounting duties within the period of the administration of the estate. Mr. Gaab was familiar with the obligation of Hatley to the plaintiff, and the Hart account was carried on the books of that business. There was discussion between the accountant and the defendant-administrator of the decedent's obligation to Mrs. Hart. Mr. Gaab also corresponded with Mrs. Hart concerning her claim and appears to have undertaken to represent her interests with relation to the loan.

While the law does not prescribe the form or the manner in which a claim should be presented to the representative of an estate, Weber v. Kohn (1938), 60 Ohio App. 64, 66, 19 N.E.2d 534, any such presentation to a so-called agent of the administrator falls outside the requirements of O.R.C. section 2117.06, because the fiduciary functions of the office of administrator in his capacity as an officer of the Probate Court cannot be delegated to agents who do not owe the fidelity required of an officer of the court. Beacon Mutual Indemnity Co. v. Stalder (1954), 95 Ohio App. 441, 445–446, 120 N.E.2d 743, cited in Wilcox v. Ceschiat, Admrx. (1960), Ohio Com.Pl., 179 N.E.2d 544 and Simmons v. Bartley (1960), Ohio Com.Pl., 177 N.E.2d 77, "The fact that the representative has knowledge of the claim is not sufficient to excuse failure

to present * * *." 22 O.Jur.(2d) 655, Executors and Administrators, section 295. "* * * (T)he presentation requirement of section 2117.06, Revised Code, is mandatory. * * *" Fortelka v. Meifert (1964), 176 Ohio St. 476, 480, 200 N.E.2d 318, 321.[2] It cannot be waived by the personal representative. 22 O.Jur.(2d) 657, Executors and Administrators, section 298.

The plaintiff claims further that the inclusion of the decedent's obligation to Mrs. Hart on the business accounts of the decedent's estate circumvents the necessity of compliance with statutes governing the administration of estates. There is no merit to this contention, however. Cf. Masonic Temple Ass'n. v. Emmons (1934), 49 Ohio App. 87, 195 N.E. 259, and In re Estate of Roeser (1942), Ohio App., 47 N.E.2d 410 [headnote 3].

It is finally claimed by the plaintiff that the conduct of the defendant-administrator estops his reliance on the nine-month limitation contained in O.R.C. section 2117.07. The plaintiff's claim in this respect cannot be predicated, however, on general equitable principles outside the purview of that statute. In re Estate of Andres (1961), 114 Ohio App. 167, 170, 180 N.E.2d 855; see also Bank of Muskingum v. Carpenter's Adm'rs (1835), 7 Ohio 21, 28 Am.Dec. 616. "The statute places the burden upon the *claimant* to present his claim with the probate officer. * * * There is *no duty imposed on the administrator* in this respect, except to receive the written claim, and in proper time, to officially act on it. * * *" Beacon Mutual Indemnity Co. v. Stalder, supra; Wilcox v. Ceschiat, Admrx. supra; Simmons v. Bartley, supra.

Following the suggestion of the Court at the pretrial conference, both parties have entered motions for a summary judgment.[3] "* * * 'The func-

---

2. The Court held in *Fortelka*, supra, that a presentment was made by the efficient method of commencing a law suit on the claim within four months of the fiduciary's appointment and its continuous prosecution.

3. An earlier motion for a summary judgment by the defendant was denied by (now Senior) Judge Mell G. Underwood before the availability of discovery depositions and other information.

tion of a motion for a summary judgment * * * is to dispose of cases where there is no genuine issue as to material facts.' * * * It enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried. * * * 'Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists.' * * * " Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.Supp. 549, 550 [1] and cases cited therein.

 It is readily apparent that there has been no timely presentment of the plaintiff's claim and subsequent rejection by the defendant-administrator as contemplated by O.R.C. section 2117.06 nor, as of now, reinstatement of her claim by the Probate Court of Muskingum County, Ohio. Such probate action being a condition precedent to this Court's acquiring jurisdiction of an action by the plaintiff to enforce repayment of the loan she apparently made to the defendant's decedent, this action must be dismissed for want of jurisdiction in this Court. Such adjudication, however, is not intended to prevent the plaintiff's resort to the proper probate court for the purpose of having her claim allowed after the time prescribed by law for presentment to the defendant-administrator, Burton v. Bausman, Exr. (1935), 18 Ohio Law Abst. 558, 560, under O.R.C. section 2117.07.

"It has been repeatedly held that the probate court is the court wherein matters relating to the settlement of estates are determined. * * * " Cook v. Shanower (1934), 49 Ohio App. 227, 197 N.E. 122. O.R.C. section 2117.07 " * * * gives Probate Courts large discretion in allowing reinstatement of barred claims * * *. * * * (A) law suit in another Court, although involving the same part[ies], is not in compliance with * * * " O.R.C. sections 2117.06 and 2117.07. In re Christopher's

(1937), Ohio Prob.Ct., 4 Ohio Supp. 327 (but cf. Fortelka v. Meifert, supra).

Accordingly, the motion of the plaintiff for a summary judgment is denied, and such motion of the defendant is granted.

All relief in this Court being denied the plaintiff, the clerk will forthwith prepare, sign, and enter a summary judgment for the defendant on the ground that this Court has not acquired jurisdiction of the subject matter hereof.