EAVER, ADMINISTRATOR OF ESTATE OF STARK, APPELLANT, *v.* MCGINNIS, APPELLEE.

(No. 13149—Decided December 2, 1987.)

*Bruce J. May,* for appellant.
*William T. Whitaker,* for appellee.

GEORGE, J. A complaint was filed by Robert D. Eaver, Administrator of the Estate of Amos J. Stark, plaintiff-appellant, against H. E. McGinnis, defendant-appellee, on a promissory note dated January 12, 1984, in the amount of $7,500. The administrator had made demand, upon McGinnis, for payment on behalf of the estate before filing suit.

McGinnis answered by stating that the note was not a demand note and that he was not in default of payment. Further he affirmatively defended on the basis that no monies were due on the note. Finally, McGinnis also counterclaimed that the decedent had

agreed on September 2, 1980 to pay McGinnis $10,000 or deliver a trust certificate for equitable ownership in a certain patent application.

The administrator in answer to the counterclaim raised the nonclaim statute, R.C. 2117.06, as a prohibition against filing a counterclaim for the 1980 debt. It is undisputed that under the nonclaim statute McGinnis is required to present his claim within the prescribed time before he can assert his right to recover in an action brought by him against the estate. However, McGinnis is not required to present his claim to the estate before he may interpose his claim as an offset or counterclaim in defense of an action brought against him by the estate.

Cross-motions for summary judgment were filed. The administrator's motion was directed to McGinnis' counterclaim with an affidavit indicating that the administrator was appointed on October 3, 1985 and that the only notice of McGinnis' claim was by way of the counterclaim filed on May 22, 1986.

McGinnis likewise filed a motion for summary judgment with a supporting affidavit, reciting that he was entitled to an offset against the promissory note for the decedent's debt, for which he could have made a claim against the estate, but which he did not. However, McGinnis urges that he is entitled to an offset of the unpaid debt to the extent that the estate seeks payment of its claim against him.

The trial court ruled on the opposing motions for summary judgment by granting each party his motion. The judgment entry reads:

"Judgment is entered for the defendant and against the plaintiff on plaintiff's claim.

"Judgment is entered for the plaintiff and against the defendant on defendant's counterclaim."

The administrator raises four assignments of error. First, error is claimed in the trial court's determination that McGinnis did not have to pursue his claim according to R.C. 2117.06 and 2117.07; second, the trial court erred when it failed to find that McGinnis' claim was not barred by the three-month statutory limitation; third, the trial court erred in finding that McGinnis was entitled to an offset against the estate's claim; and finally, there was error because there remained genuine issues of material fact. These assignments of error will be consolidated for purposes of review.

The issue presented by this appeal is whether the nonclaim statute, R.C. 2117.06, affects a cross-demand when the claim asserted in the cross-demand was not presented to the estate.

R.C. 2309.19 provides:

"When cross demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim could have been set up, neither can be deprived of the benefit thereof * * * by his death. The two demands must be deemed compensated so far as they equal each other."

This statute preserves cross-demands. In the event of the death of one party, the survivor is protected to the extent of the decedent's debt against an action brought by the administrator of the decedent's estate to collect a claim. The survivor's claim is thus preserved to the extent of the decedent's claim.

Where, concurrently with a statute of nonclaim, there is a cross-demand statute, the effect of the cross-demand statute is to allow a claimant to plead his claim as a setoff or counterclaim to a suit brought against him by the administrator on behalf of the estate. This is so even though the claimant has not presented his claim to the administrator in compliance with the provisions of the nonclaim statute. See

Annotation (1971), 36 A.L.R. 3d 693, Section 3(b). However, the defendant is limited to pleading his claim as an extinguishment or abatement only, and as a defense to the demand made by the administrator. The defendant is not entitled to recover from the administrator any surplus his claim may have over the amount of the demand made by the estate.

A cross-demand may be pleaded by a defendant in an action as a defense to the administrator's claim, to the extent that such cross-demand may be deemed to compensate the claim sued upon by the estate, even though it was not presented to the administrator. *Benson* v. *Rosine* (1945), 76 Ohio App. 439, 32 O.O. 195, 64 N.E. 2d 845. Therefore, a cross-demand may constitute a defense to the extent that it extinguishes or satisfies the claim of the estate.

McGinnis did not want to and, in fact, did not file a claim against the estate. However, once the estate sought payment of the note from McGinnis, McGinnis was entitled to offset that demand by his unpresented claim. R.C. 2309.19 expressly allows an offset under such circumstances. Here, McGinnis was limited to the extinguishment of the demand made against him by the estate. He was not entitled to a judgment against the estate for any excess which the decedent might owe to him.

McGinnis' claim, therefore, need not have been first presented to the estate in order to allow a setoff of the unpresented claim up to an amount no greater than equal to the amount of the claim of the estate. Thus, the trial court did not err when it granted McGinnis an offset against the estate's $7,500 claim on the $10,000 debt, but only up to the $7,500 claim.

As to the administrator's argument that material issues of fact remained, both parties filed motions for summary judgment. Upon appeal the administrator claims that several issues remain unanswered. However, it is noted that these issues were not preserved. The issues presented on the motion for summary judgment were legal ones, the facts being undisputed.

Thus, each assignment of error is overruled and the judgment of the trial court is affirmed so far as it grants an equal offset.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.